371 So.2d 196 (1979)
Lynn M. McCLURE, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1335.
District Court of Appeal of Florida, Second District.
May 18, 1979.
Raymond O. Gross, of Gross & Doherty, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
Lynn M. McClure appeals a term of probation imposed upon her following a finding of guilty to four counts of grand larceny. She argues that in the order of probation the trial judge improperly delegated the duty of determining the amount of restitution to the Probation and Parole Commission. We agree and remand for correction of the order of probation.
Mrs. McClure was charged with stealing money from her employer, C.A. Atherton Oil Company. She pleaded no contest to the charges. Thereafter, a sentencing hearing took place at which Mrs. McClure's attorney argued that his client should be placed on probation, pointing out that nothing would be gained in placing a 48-year old woman in prison and that the likelihood of future criminal activity was slight. Additionally, he made this statement:
As to Atherton Oil Company's lost funds as a result of her actions, there is currently *197 civil litigation in process to ascertain the amounts therein, and to seek reimbursement of that.
The court was persuaded by this argument and gave Mrs. McClure the choice of a sentence of three years in prison (the maximum sentence was twenty years) or of ten years probation with the condition that:
You will make restitution on a schedule prescribed by your probation officer in the amount as determined by the civil court, when it is determined by the civil court.
Mrs. McClure chose probation. However, the written probation order provided that Mrs. McClure as a condition of probation: "Make full restitution as determined by probation ..."
Mrs. McClure appeals, contending that the court unlawfully delegated determination as to the amount of restitution to the Probation and Parole Commission. The probation order could be interpreted to mean that the Probation and Parole Commission or a probation officer was to determine the amount to be repaid, as well as the schedule of repayment. This, of course, would be an unlawful delegation of a responsibility which is exclusively that of the court. Kroenke v. State, 366 So.2d 46 (Fla. 2d DCA 1978). The written order of probation should therefore be corrected to conform to the judge's oral statements at the hearing.
On the facts of this case it is unnecessary to decide the propriety of predicating the amount of restitution to be paid upon a future judicial determination. Appellant suggested this method to the court and she made no objection to the court then using it to set the amount of restitution. She is the party defendant to the civil action and will have an opportunity to be fully heard in court as to the amount of loss she caused to C.A. Atherton Oil Company. If there was error in the method of determining the amount of restitution, she led the court to it and waived her right to now change her position and raise it here as error. Cf. Smith v. State, 344 So.2d 905 (Fla. 3d DCA 1977); Spadaro v. State, 332 So.2d 110 (Fla. 1st DCA 1976); McPhee v. State, 254 So.2d 406 (Fla. 1st DCA 1971).
Accordingly, the cause is remanded for the purpose of correcting the order to conform to the oral statements of the court made upon imposing probation; i.e., to provide that the Probation and Parole Commission prescribe only the schedule of repayment of the amount which is judicially determined.
Reversed and remanded for correction of the order.
HOBSON, Acting C.J., and OTT, J., concur.