498 So.2d 604 (1986)
Mitchell M. MANSELL, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1110.
District Court of Appeal of Florida, Second District.
December 3, 1986.
James Marion Moorman, Public Defender and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda R. James, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Defendant Mitchell M. Mansell was convicted of burglary of a dwelling and grand theft. In addition to sentencing the defendant to three years' imprisonment, the court ordered him to make restitution.
The court based the restitution amount on a presentence investigation report prepared by the Florida Parole and Probation Commission. The defendant objected to the amount and a hearing was held in which the trial judge awarded the amount of $2,871.40 as recommended by the presentence investigation report. We agree with the defendant that the court erred.
The amount of restitution is a determination to be made exclusively by the trial court and cannot be delegated. McClure v. State, 371 So.2d 196 (Fla. 2d DCA 1979). By relying solely on the presentence investigation report, the trial court improperly delegated its exclusive responsibility. McClure.
Accordingly, we vacate the restitution order and remand for the imposition of restitution to be determined by the trial court. On remand, the state will have the burden of demonstrating the amount of loss sustained by the victim as a result of the offense in accordance with section 775.089(7), Florida Statutes (1985).
RYDER and SCHOONOVER, JJ., concur.