502 So.2d 489 (1987)
Elmer Dean SNELL, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0374.
District Court of Appeal of Florida, Fourth District.
February 11, 1987.
Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Amy Lynn Diem, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's conviction. However, we reverse the order imposing costs against appellant and ordering him to make restitution. The trial court failed to consider the financial resources of the appellant, the financial needs and earning ability of the appellant and his dependents, and other such factors pursuant to Section 775.089(6), Florida Statutes (1985), before ordering him to pay restitution. Accordingly, we reverse and remand for a hearing with notice.
Moreover, the costs imposed against appellant were based upon Section 27.3455, Florida Statutes (1985), which was enacted after the offenses were committed by appellant. We have held that this section cannot be applied retroactively. See Signorelli v. State, 491 So.2d 349 (Fla. 4th DCA 1986). Therefore, we reverse the order imposing costs and again certify to the Supreme Court of Florida as being of great public importance the question:
DOES THE APPLICATION OF SECTION 27.3455, FLORIDA STATUTES (1985), TO CRIMES COMMITTED PRIOR TO THE EFFECTIVE DATE OF THE STATUTE VIOLATE THE EX POST FACTO PROVISIONS OF THE CONSTITUTIONS OF THE UNITED STATES AND OF THE STATE OF FLORIDA, OR DOES THE STATUTE MERELY EFFECT A PROCEDURAL CHANGE AS IS PERMITTED UNDER STATE V. JACKSON, 478 So.2d 1054 (FLA. 1985)?
Reversed and remanded as to restitution; reversed as to costs.
DELL, WALDEN and GUNTHER, JJ., concur.