517 So.2d 132 (1987)
Matthew THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1283.
District Court of Appeal of Florida, Fourth District.
December 30, 1987.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Diane E. Leeds, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
The defendant was found guilty of aggravated battery after mounting a savage attack on the victim with a machete. Included in the sentence meted out by the judge was an order requiring restitution of up to $10,000. We agree that that portion of the sentence ordering restitution was an error and reverse.
Pursuant to section 775.089(6), (7), Florida Statutes (1985) the trial court must consider the defendant's financial resources. As this court concluded in Snell v. State, 502 So.2d 489 (Fla. 4th DCA 1987), rev. dismissed, 509 So.2d 1119 (Fla. 1987), a defendant is entitled to a hearing prior to the imposition of restitution. See also Jenkins v. State, 444 So.2d 947 (Fla. 1984), and Grimes v. State, 499 So.2d 42 (Fla. 1st DCA 1986). In the case at bar, there simply was no adequate hearing on the question of his financial resources. The state argues that defense counsel did not raise an objection based on lack of financial ability. Consequently, it is urged that the error, if any, is waived. An examination of the record here convinces us that sufficient objection was made and the matter preserved for review.
We conclude that the state failed to meet its burden of proof and we strike that part of the sentence ordering restitution and reverse and remand for amendment in accordance herewith.
REVERSE AND REMANDED.
ANSTEAD and GUNTHER, JJ., concur.