526 So.2d 1084 (1988)
Ossie MOUNDS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0016.
District Court of Appeal of Florida, Fourth District.
June 29, 1988.
*1085 Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal of a denial of a motion to set aside a guilty plea and sentence. We reverse and remand because the defendant's guilty plea was accepted in violation of rule 3.172, Florida Rules of Criminal Procedure. The record does not demonstrate that, at the time the trial court accepted the defendant's guilty plea, the court conducted a full colloquy with the defendant to determine whether there was a factual basis for the plea. Further, rule 3.172 requires the trial court to determine whether the guilty plea is voluntary and whether the defendant understands the consequences of his plea. For these reasons the colloquy was insufficient and the motion to set aside the guilty plea should have been granted.
Additionally the imposition of restitution without notice or a hearing was error, as was the imposition of costs. Imposition of costs against an indigent defendant has been held to be improper unless there is compliance with due process requirements. Jenkins v. State, 444 So.2d 947 (Fla. 1984); Cox v. State, 334 So.2d 568 (Fla. 1976).
Reversed and Remanded for further proceedings consistent herewith.
HERSEY, C.J., and DELL and WALDEN, JJ., concur.