536 So.2d 275 (1988)
Steven Perry FLANAGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-26.
District Court of Appeal of Florida, Second District.
November 30, 1988.
Rehearing Denied January 11, 1989.
*276 James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Chief Judge.
The only issue necessary for us to discuss in this appeal is the propriety of the restitution imposed upon appellant since appellant's other issue has previously been decided by this court and others contrary to appellant's argument here. See Caggiano v. State, 505 So.2d 482 (Fla. 2d DCA 1987); Carroll v. State, 459 So.2d 368 (Fla. 5th DCA 1984).
While we have on several occasions held that the trial judge may not delegate his duty to determine the amount of restitution that is proper to impose upon a convicted defendant pursuant to section 775.089(7), Florida Statutes (1985) (see McClure v. State, 371 So.2d 196 (Fla. 2d DCA 1979)), that is not what happened in this case. Appellant complains not that the trial court improperly delegated its duty, but that the trial court improperly used information contained in the presentence investigation report to determine the amount of restitution.
Although appellant relies on Mansell v. State, 498 So.2d 604 (Fla. 2d DCA 1986), Mansell is clearly distinguishable. Unlike the appellant in Mansell, appellant here makes no effort to demonstrate as improper the restitution amounts that the trial court found were required by the presentence investigation report. Appellant only challenges the method used to make the determination. Section 775.089 does not specify the type or quantum of evidence needed to determine restitution. We conclude that hearsay evidence is properly used to determine the amount of restitution except where a defendant raises a bona fide challenge at the restitution hearing to the amount determined by the trial judge to be appropriate.
Affirmed.
SCHEB and PARKER, JJ., concur.