## THOMASSON v STATE OF FLORIDA
## Case No. CJAP87-08 (County Court Case No. TW86-16440)
Ninth Judicial Circuit, Orange County

June 7, 1990

### OPINION OF THE COURT

EMERSON R. THOMPSON, JR., Circuit Judge.

Appellant is seeking review of an order by the County Court that he pay restitution in the amount of $45,238.89, payable in monthly installments of $200.00 until paid in full. The judgment arose out of Appellant's conviction of Driving Under the Influence; and a resulting accident which caused serious bodily harm to another.

At the restitution hearing, the following facts were established: Appellant, who was nineteen (19) years old at the time of the accident, was driving a vehicle owned by his mother when the accident occurred; no liability insurance was in effect at that time; Appellant was not

employed at the time of the accident or the restitution hearing; Appellant has been unsuccessful at securing employment; Appellant did not have a driver's license at the time of the hearing due to his DUI conviction nor was he granted a business purpose license; Appellant had no means of transportation; Appellant graduated from high school but has no special skills or training; Appellant had no checking or savings accounts; Appellant owned no real property; and, Appellant's net worth was negligible.

Appellant first challenges the jurisdiction of the County Court to order restitution in excess of $5,000.00. An examination of the restitution statute[1] lends itself to the conclusion that although a County Court may *order* restitution in any amount, it is incumbent upon a court of competent jurisdiction to *enforce* that order in accordance with the jurisdictional limits.

Secondly, Appellant asserts that the trial court erred in failing to consider Appellant's ability to pay, financial resources, and the burden the payment would impose on him. Such factors are relevant to an order of restitution and must be evaluated. *Dolan v State,* 468 So.2d 442 (2d DCA 1985); *Snell v State,* 502 So.2d 489 (4th DCA 1987); *Thomas v State,* 517 So.2d 132 (4th DCA 1987). In the instant case, the record amply reveals such testimony was received by the court. However, this court is aware of no controlling authority limited how such testimony should be applied to the facts of each case. Therefor, this court will not disturb the trial court's decision finding restitution to be proper.

The trial court's order that restitution in the amount of $45,238.89 be paid by Appellant is hereby AFFIRMED. This case is remanded to the trial court for proceedings consistent with this opinion.

Motions for rehearing will not be entertained. The Clerk of ordered to issue its mandate forthwith.

DONE AND ORDERED in Chambers at Orlando, Orange County, Florida, this 7th day of June, 1990.

---

[1] Florida Statute 775.089