PER CURIAM.
Appellant’s crimes of attempted sexual battery and indecent assault involved three girls, ages eleven, ten and eight. As part of his plea, appellant agreed to an upward departure sentence. Appellant’s guideline scoresheet reflected a recommended sentence of nine to twelve years. As to the attempted sexual battery count, the trial court sentenced appellant to fifteen years of incarceration followed by a fifteen-year probation term. As to the four indecent assault counts, appellant was sentenced to concurrent terms of fifteen years for each count. As a special condition of probation, the trial court ordered appellant to pay restitution in the amount of $10,000 to each of the three victims. In assessing these costs, the trial court examined the victim impact statement of each child, heard the testimony of the mother of one of the victims, and took note of appellant’s financial affidavit.
The amount of restitution and required manner of payment being the issues on appeal, there is no question in our minds of appellant’s responsibility for the children’s psychological expenses under sections 775.-089(1) and 775.089(2), Florida Statutes (1989). Appellant admitted to sexual contact with the private areas of all three victims, and we believe the record supports conclusions of bodily injury and causation.
The figure of $10,000 was not “pulled out of the air” in the sense that one victim’s unsworn statement showed an estimated expense of $8,000 for psychological counseling. There was no evidence before the court, however, to support that amount; and the prosecutor has the burden of producing sworn victim’s statements and demonstrating, by the preponderance of the evidence, the amount of victim loss. Neither of the other victims provided evidence of expense or loss. We therefore reverse the restitution orders as to the amount, and the trial court shall require compliance with the statute on remand.
As for appellant’s ability to pay, there was ample evidence of the financial plight the defendant’s crimes had occasioned his family. On remand, the trial court is requested to make findings to support the amount of restitution, the ability of appellant to pay, and the method of payment.
HERSEY, C.J., and GLICKSTEIN and POLEN, JJ., concur.