GRIFFIN, Judge.
At appellant’s resentencing hearing, he asserted that a 1980 felony conviction shown on the P.S.I. was incorrect because adjudication had been withheld. Without this conviction, appellant could not be sentenced as an habitual offender. The trial court erred in ruling that the defendant had the burden of proving the P.S.I. entry showing a felony conviction in 1980 was incorrect. If a defendant disputes the truth of specific material in the P.S.I. the state must present competent proof of the disputed matter. Eutsey v. State, 383 So.2d 219 (Fla.1980). Appellant’s October 5, 1989 objection at the sentencing hearing was specific.
In reviewing what occurred at this hearing, however, we believe the admonition of our supreme court in Eutsey is important:
If the defendant disputes the truth of presentence report hearsay in respect to which he asserts rights of confrontation and cross-examination, and he wishes to exercise those rights, he must of course timely say so. It follows that the sentencing court must devise orderly procedures for identifying hearsay in the pre-sentence report which is disputed by the defendant, which the court intends to consider....
383 So.2d at 225 (citations omitted). Here the record reflects that in the first sentencing hearing the defendant did not contest the 1980 conviction and there is no indication in the record that the defendant thereafter ever voiced any objection to the P.S.I. conviction record until the resentencing hearing.[1] Just as the defendant should have a reasonable time to prepare for the hearing on habitual offender status, so must the state have a reasonable notice that a P.S.I. entry will be challenged so it may prepare its proof. Accordingly, we quash the sentence and remand for a resen-tencing hearing in which the state shall have the burden to prove appellant’s 1980 conviction. If the state can muster no more proof of the 1980 conviction than it produced at the prior hearing, appellant *883 cannot be sentenced as an habitual offender based on the 1980 conviction.
REVERSED and REMANDED.
DIAMANTIS, J., concurs.
DAUKSCH, J., concurs in part; dissents in part with opinion.

. At the prior sentencing hearing the basis for finding defendant an habitual offender was the defendant’s two 1985 convictions, which the state proved with certified copies. We disagree that the defendant's concession at the first hearing that he ”ha[d] three prior felonies" constituted a waiver of any objection to hearsay proof of the 1980 conviction on resentencing.