583 So.2d 412 (1991)
Frank OLIVERIO, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1119.
District Court of Appeal of Florida, Fourth District.
July 31, 1991.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is a timely appeal from a judgment of conviction and sentence of three and one-half years' imprisonment, pursuant to the sentencing guidelines, for the offense of burglary of a structure.
Appellant poses three points on appeal, only one of which requires reversal. The first point presented relates to the court's failure to instruct the jury on the underlying offense of the burglary. We believe the court's instruction was adequate. But, even if it were not, appellant waived the error by failing to object to the court's charge. Fla.R.Civ.P. 3.390(d); Castor v. State, 365 So.2d 701 (Fla. 1978).
The second point relied upon by appellant relates to the trial court's failure to sustain appellant's objection to the state's alleged comment on appellant's silence. We agree with the state that the comment was not improper and with the argument that it was, in any event, invited by appellant's cross-examination of state witnesses.
Finally, the sentence imposed restitution upon appellant without a determination of the factors set forth in section 775.089(6) and (7), Florida Statutes, i.e., the loss to the victim, the defendant's present and future financial resources, etc. This is required by both statute and case law. Mounds v. State, 526 So.2d 1084 (Fla. 4th DCA 1988).
Accordingly, the judgment of conviction and sentence are affirmed except for that aspect of the sentence relating to restitution, *413 which is reversed and remanded for further appropriate consideration.
GLICKSTEIN, C.J., and DOWNEY and POLEN, JJ., concur.