585 So.2d 1181 (1991)
Ronald Ennis LOOS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2642.
District Court of Appeal of Florida, Fifth District.
September 19, 1991.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
*1182 Robert A. Butterworth, Atty. Gen., Tallahassee, and Judy Taylor Rush, Asst. Atty. Gen., Daytona Beach, for appellee.
GRIFFIN, Judge.
Appellant seeks review of the restitution provision of a probation order entered upon a prosecution for attempted burglary of a conveyance. At issue was the value of damage to a tire owned by the victim. The state relied for its proof at the hearing on the presentence investigation, which valued the tire damage at $75. The defendant admitted the damage and advised the court that he would be "willing to pay twenty-five dollars, even though he's not really agreeing to that."
The presentence investigation is competent evidence of valuation for purposes of a restitution order absent a bona fide objection to the valuation contained in the presentence investigation report. Fleming v. State, 547 So.2d 668 (Fla. 1st DCA 1989); Flanagan v. State, 536 So.2d 275 (Fla. 2d DCA 1988) (a "bona fide objection" is some demonstration that the restitution amount in the PSI is improper). Cf. Bell v. State, 576 So.2d 881 (Fla. 5th DCA 1991). In the present case, the defendant's negotiations did not rise to the level of a "bona fide objection" requiring further proof of valuation from the state.
AFFIRMED.
COWART and HARRIS, JJ., concur.