588 So.2d 324 (1991)
Boyise DENMARK, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0582.
District Court of Appeal of Florida, Fourth District.
November 6, 1991.
*325 Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
The trial court ordered the defendant to pay $1,000 in restitution without a hearing. We reverse.
At the sentencing hearing, there was no discussion pertaining to restitution. Nevertheless, it was prescribed in the written order.
In recent times, we have thrice held that the trial court must consider a defendant's resources prior to the imposition of restitution. Thomas v. State, 517 So.2d 132 (Fla. 4th DCA 1987); Snell v. State, 502 So.2d 489 (Fla. 4th DCA), rev. denied, 509 So.2d 1119 (Fla. 1987); Pellot v. State, 582 So.2d 124 (Fla. 4th DCA 1991). We have not done so by appellate whim or caprice. Section 775.089, Florida Statutes (1989), orders restitution only after the trial court considers "the financial resources of the defendant" including his "present and potential future financial needs and earning ability... ." Obviously, the court cannot consider the defendant's resources unless it holds a hearing or unless the record somehow demonstrates the defendant's liquidity which it does not sub judice.
We have also considered the recent supreme court ruling in State v. Beasley, 580 So.2d 139 (Fla. 1991). However, we distinguish Beasley which refers only to costs at such time as the state seeks to enforce the collection thereof. At bar, we are concerned with restitution, not costs. Moreover, the Beasley opinion was careful to note that its decision would have been otherwise had the applicable statute specifically required a determination as to the defendant's ability to pay. Id. at 142. The restitution statute requires exactly that.
We must therefore reverse and remand for further proceedings on this issue.
We find no reversible error in the remaining point on appeal.
AFFIRMED IN PART; REVERSED IN PART.
DOWNEY and WARNER, JJ., concur.