593 So.2d 270 (1992)
William Lee CHEATHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1087.
District Court of Appeal of Florida, Fourth District.
January 15, 1992.
Richard L. Jorandby, Public Defender, and Mallorye Cunningham, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
POLEN, Judge.
Appellant alleges error in the trial court's order imposing restitution of approximately $20,000.00 as part of his sentence. We affirm the restitution orders.
Pursuant to a plea agreement, appellant pled guilty to the charges of attempted first degree murder, armed burglary, armed kidnapping, and armed robbery. Appellant was sentenced to four (4), thirty-five (35) year concurrent prison terms, and ordered to pay approximately $20,000.00 in restitution to the victim and two insurance companies.
During the sentencing hearing, the state asked the court to impose restitution, demonstrating the amount of the loss sustained by the victim. The trial judge then stated:
The Court is going to impose the restitution and while Mr. Cheatham is in the State's facilities hopefully he'll be earning some money and some of that will go towards restitution, whatever remains will be judgment upon.
*271 Appellant's counsel informed the court that the victim had waived restitution, and appellant contested the payment of restitution to two insurance companies. A brief discussion concerning the propriety of paying restitution to the insurance companies followed, with the court ruling that restitution could be paid to the companies. The trial court asked the parties whether there was anything further, and counsel for appellant and the state responded in the negative. At no time did appellant's counsel raise any objection as to the sufficiency of notice on the issue of restitution. The court proceeded to adjudicate appellant guilty, pronounce sentence, and order the payment of restitution. Only at this point did appellant's counsel remark:
Boy, I don't know if Mr. Cheatham is going to be able to afford to pay that money back, Your Honor.
The court stated: "We'll see," and no further comment concerning restitution was made on the record.
Appellant now argues that the trial court erred in failing to comply with section 775.089, Florida Statutes (1989), in that it did not determine appellant's financial resources, his present and potential future financial needs, and his earning ability.
Section 775.089, Florida Statutes (1989), provides in pertinent part:
(1)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant's offense, unless it finds clear and compelling reasons not to order such restitution. Restitution may be monetary or nonmonetary restitution. The court shall make the payment of restitution a condition to probation in accordance with s. 948.03.
.....
(6) The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the present and potential future financial needs and earning ability of the defendant and his dependents, and such other factors which it deems appropriate.
(7) Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the state attorney. The burden of demonstrating the present financial resources and the absence of potential future financial resources of the defendant and the financial needs of the defendant and his dependents is on the defendant. The burden of demonstrating such other matters as the court deems appropriate is upon the party designated by the court as justice requires.
Section 775.089(1)(a) mandates the imposition of restitution, unless the trial court finds clear and compelling reasons not to order restitution. Section 775.089(6) requires that a trial court consider the extent of loss sustained by any victim, as well as the financial circumstances of the defendant and his dependents. Section 775.089(7) places upon the state the burden of demonstrating the amount of the loss sustained, and upon the defendant, the burden of demonstrating his financial circumstances.
In the instant case the state did not fail to meet its burden of demonstrating the amount of the loss, as was the case in Thomas v. State, 517 So.2d 132 (Fla. 4th DCA 1987). Rather, the state presented the court with records demonstrating the amount paid for care services performed and property loss and damage.
Nor can it be concluded from the record on appeal that the trial court failed to hold a hearing to determine the defendant's financial circumstances as was the case in Dominique v. State, 590 So.2d 1059 (Fla. 4th DCA 1991); Oliverio v. State, 583 So.2d 412 (Fla. 4th DCA 1991); Mounds v. State, 526 So.2d 1084 (Fla. 4th DCA 1988); and Snell v. State, 502 So.2d 489 (Fla. 4th DCA), rev. dismissed, 509 So.2d 1119 (1987). In the instant case, the record reflects the trial court's consideration of the *272 defendant's ability to pay restitution, albeit limited in scope.
We are unwilling to impose the requirement on a trial court that it consider the several factors enumerated in the statute in any specified degree of detail. This is especially true where section 775.089(1)(a) makes the imposition of restitution mandatory, and section 775.089(7) places upon the defendant the burden of demonstrating clear and compelling reasons not to order restitution. Appellant failed to satisfy his burden as concerned the imposition of restitution although given an opportunity by the trial court. We find the statement made by appellant's counsel ("Boy, I don't know if Mr. Cheatham is going to be able to afford to pay that money back, Your Honor.") insufficient to satisfy appellant's burden under section 775.089(7). Under these circumstances, we find no error in the orders imposing restitution, and we affirm.
AFFIRMED.
DOWNEY and ANSTEAD, JJ., concur.