LEHAN, Acting Chief Judge.
Defendant challenges the $2,554.68 restitution he was ordered to pay in connection with his conviction for grand theft. He contends the evidence was insufficient to support that amount. He also contends *759 that the trial court erred in refusing to consider his ability to pay. We reverse.
Fair market value of stolen property is the accepted measure of restitution, absent other circumstances indicating that fair market value “would not adequately reflect the victim’s loss.... ” State v. Hawthorne, 573 So.2d 330, 333 (Fla.1991). In this case the state introduced neither evidence of the fair market value of the tools missing from the victim’s stolen truck nor evidence of such other circumstances. The state argues that the amount of restitution is supported by the victim’s testimony that she sold the truck at a loss of $2,000 after it was recovered and incurred a cost of $524.68 to repair the truck. However, the record indicates that the state did not seek restitution based upon the loss of the truck, and the victim’s testimony did not establish any connection between the sale of the truck at a loss and the theft.
Also, the trial court erred in refusing to consider defendant’s ability to pay. See § 775.089(6), Fla.Stat. (1991); Cheatham v. State, 593 So.2d 270 (Fla. 4th DCA 1992). Contrary to the state’s contention, there was no waiver by defendant in this regard.
We reverse and remand for reconsideration of restitution.
ALTENBERND and BLUE, JJ., concur.