PER CURIAM.
Appellant has appealed two restitution orders which we reverse based on lack of proof.
At the sentencing hearing the state offered no proof of restitution due other than the presentence investigation report (“PSI”). In one part of the PSI the figures ordered by the court did appear; however, the recommended restitution amounts in the PSI were substantially different. More important, the record reflects that appellant raised specific, bona fide objections to the damage values and requested a hearing on that issue, which the trial court refused. When a defendant raises a timely, bona fide objection to a restitution valuation contained in the PSI, the defendant is entitled to a hearing and the state must present competent, admissible evidence of the loss or damage caused by the offense. Loos v. State, 585 So.2d 1181 (Fla. 5th DCA 1991); Flanagan v. State, 536 So.2d 275 (Fla. 2d DCA 1988). We reject the state’s contention on appeal that appellant’s agreement to make “full restitution” as part of the plea agreement precluded his objection to the amount. We reverse the restitution orders and remand for an evidentiary hearing.
REVERSED and REMANDED.
GOSHORN, C.J., and COWART and GRIFFIN, JJ., concur.