616 So.2d 597 (1993)
Jackie G. LANGSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1763.
District Court of Appeal of Florida, Fourth District.
April 7, 1993.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant raises three points on appeal. The first, controlled by Gladfelter v. State, 604 So.2d 929 (Fla. 4th DCA 1992), juris. accepted, 613 So.2d 4 (Fla. 1993), does not establish error.
Nevertheless, we find appellant's second and third points to have merit; therefore, we reverse and remand with direction because of the trial court's error in ordering restitution beyond appellant's ability to pay and in basing same upon written statements of individuals without any hearing.
Upon the first meritorious issue, unlike the defendant in Cheatham v. State, 593 So.2d 270 (Fla. 4th DCA 1992), appellant effectively objected to the amount of restitution and affirmatively introduced evidence that she did not have the ability to pay the amount imposed. While the defense attorney in Cheatham simply introduced an unsupported statement relating to his client's inability to pay, defense counsel here introduced the exact amount of appellant's earnings from which the trial court easily could deduce appellant's poor financial status. Consequently, the trial court's order requiring appellant and her codefendant jointly and severally to pay nearly $13,000 in restitution as a condition to probation was unreasonable. On remand, the amount of restitution must be commensurate with appellant's financial condition and ability to pay.
As for the remaining point on appeal, appellant argues that the trial court further erred by failing to conduct a hearing and by obtaining and relying upon written statements from witnesses as evidence *598 applicable to the amount of restitution imposed. Appellant asserts that the trial court has an affirmative duty to conduct a hearing so as to determine the credibility of the witnesses or lack thereof. We agree. See Thomas v. State, 517 So.2d 132 (Fla. 4th DCA 1987), and Snell v. State, 502 So.2d 489 (Fla. 4th DCA), rev. dismissed, 509 So.2d 1119 (Fla. 1987).
GLICKSTEIN, C.J., and WARNER, J., concur.
LETTS, J., concurs in conclusion only without opinion.