PER CURIAM.
We remand this case to the trial court with instructions to strike the provision imposing an obligation to make restitution and the requirement to pay a fee for services of the public defender. The requirement to make restitution is improper because there was no notice, thus there was not an opportunity to be heard, and there was no inquiry into appellant’s ability to pay. See Denmark v. State, 588 So.2d 324, 325 (Fla. 5th DCA 1991); Boykin v. State, 541 So.2d 719 (Fla. 4th DCA 1989); Thomas v. State, 517 So.2d 132 (Fla. 4th DCA 1987). Further, there was no evidence of monetary loss. See Cheatham v. State, 593 So.2d 270, 271 (Fla. 4th DCA 1992); Epperley v. State, 568 So.2d 1336, 1337 (Fla. 4th DCA 1990). As to the fee for the public defender, there was neither notice nor an opportunity to be heard. See Smiley v. State, 590 So.2d 1116, 1117 (Fla. 4th DCA 1991). No motion was filed for imposition of fees against appellant.
In all other respects we affirm the final adjudication and order of disposition.
AFFIRMED IN PART; REMANDED WITH INSTRUCTION.
HERSEY, FARMER and KLEIN, JJ., concur.