PER CURIAM.
Appellant first argues, and the state concedes, that the trial court illegally sentenced him as an adult because the court did not follow the statutorily mandated procedure set forth in section 39.059(7), Florida Statutes (1991). We agree and reverse.
The statute applies in all instances where a child has been found to violate the law; it does not distinguish between misdemeanor and felony offenses. Section 39.059(7) requires the trial court to order a predisposition report prior to sentencing and section 39.059(7)(c) lists six (6) criteria that must be reviewed prior to sentencing. Failure to address even one of the criteria requires reversal and remand. See Hill v. State, 605 So.2d 514, 516 (Fla. 1st DCA 1992). Furthermore, a written order must be entered which provides more than mere conclusions without facts supporting their application. Bradley v. State, 559 So.2d 283 (Fla. 4th DCA 1990). Although the Bradley Court rejected appellant’s argument that the trial court must make written factual findings to address each of the six criteria at sentencing and before reaching its decision, see Hammonds v. State, 543 So.2d 337 (Fla. 4th DCA 1989), it held that the record must reflect that the trial court considered the factors at the time of sentencing. Id. at 284. Moreover, entry of a written order is mandatory and failure to enter same results in vacation of the sentence and remand for resentencing in conformity with the statute. See State v. Rhoden, 448 So.2d 1013 (Fla.1984). We reverse and remand for resentencing accordingly.
Appellant next argues that the trial court erred when it ordered him to pay $17,800 in restitution as a condition of his probation, because the court failed to first conduct a hearing as required by section 775.089(6), Florida Statutes. See also Denmark v. State, 588 So.2d 324 (Fla. 4th DCA 1991).
The state concedes that this was error, but argues that appellant waived the right to appellate review on this issue, as he did not object below to the trial court's failure to make the proper inquiry. See Williams v. State, 565 So.2d 849 (Fla. 1st DCA 1990). The record of the sentencing reflects that the state advised the trial court in appellant’s presence that it was seeking $17,800 in restitution from appellant for the amount of the victim’s medical debts incurred as a result of appellant’s acts. Appellant failed to object. We therefore distinguish the instant case from Denmark v. State, 588 So.2d 324 (Fla. 4th DCA 1991), where there was no discussion whatsoever on the record regarding restitution at the sentencing, yet imposition of same appeared in a subsequent written order. In that case, we reversed and remanded on *162 that ground for compliance with section 775.089(6) and (7), Florida Statutes (1989). Where, however, a defendant fails to satisfy his burden under section 775.089(7)[1] notwithstanding the opportunity to do so, we find no error in the order imposing restitution. See Cheatham v. State, 593 So.2d 270 (Fla. 4th DCA 1992). The order of restitution is therefore affirmed.
STONE and POLEN, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.

. "Section 775.089(7) places upon the state the burden of demonstrating the amount of the loss sustained, and upon the defendant, the burden of demonstrating his financial circumstances.” Cheatham v. State, 593 So.2d 270, 271 (Fla. 4th DCA 1992).