630 So.2d 1218 (1994)
Robert J. VANLIEU, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 93-533.
District Court of Appeal of Florida, Fifth District.
January 21, 1994.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Mya J. Fried, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Vanlieu appeals from an order of restitution, which requires him to pay $14,900 to the victim of a criminal battery. He pled nolo contendere to aggravated battery,[1] and was *1219 placed on probation for ten years. We affirm in part and reverse in part.
At the plea hearing, Vanlieu's attorney agreed he should make restitution of $4,000 to the victim to compensate for the victim's medical bills and expenses. However, he objected to an additional claim of $10,900 for the victim's lost wages. The claim had been noted on the PSI but no documentation evidencing the amount of the claim was presented either before or at the sentencing hearing when the restitution order was imposed.
When Vanlieu's attorney objected to the $10,900 lost wage claim, the judge stated:
It sounds reasonable to me. I think I'll go ahead with it. Then you can review it later. I'm going ahead with it.
The order was thereafter rendered without any further substantiation of the lost wage claim.
Lost wages may well provide a proper basis for a restitution award to a victim of a crime. § 775.089(2)(c), Fla. Stat. (1991); Self v. State, 458 So.2d 1222 (Fla. 1st DCA 1984). To establish the proper amount for such an award, a PSI may suffice, unless the defendant objects to the amount set forth in the report. Loos v. State, 585 So.2d 1181 (Fla. 5th DCA 1991); Fleming v. State, 547 So.2d 668 (Fla. 1st DCA 1989).
However, if the defendant objects to the amount of the claim at the sentencing hearing, as occurred in this case, he is entitled to a hearing based on competent evidence to establish its amount. See Nettles v. State, 611 So.2d 103 (Fla. 5th DCA 1992). See also Langston v. State, 616 So.2d 597 (Fla. 4th DCA), rev. denied, 626 So.2d 206 (Fla. 1993); Thomas v. State, 517 So.2d 132 (Fla. 4th DCA 1987); Snell v. State, 502 So.2d 489 (Fla. 4th DCA 1987). At such a hearing, the state must establish the dollar value of the victim's loss by a preponderance of the evidence either through testimony or documents admissible in evidence.[2]
Accordingly, we vacate that portion of the restitution award related to the victim's claim for lost wages ($10,900) and affirm the $4,000 allotted for medical expenses. We remand this cause to the trial court for further proceedings which may include the conduct of a hearing to determine the amount of the victim's lost wage claim and whether the restitution order should include sums for this purpose. See Langston v. State, 616 So.2d 597 (Fla. 4th DCA), rev. denied, 626 So.2d 206 (Fla. 1993); Thomas v. State, 517 So.2d 132 (Fla. 4th DCA 1987); Snell v. State, 502 So.2d 489 (Fla. 4th DCA 1987).
AFFIRMED in part, REVERSED in part, and REMANDED.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] § 784.045(1)(a)(2), Fla. Stat. (1989).
[2] § 775.089(7), Fla. Stat. (1991).