656 So.2d 535 (1995)
Bruce FILMORE, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1808.
District Court of Appeal of Florida, Fourth District.
June 7, 1995.
Rehearing Denied July 17, 1995.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Carrion Pinson, Asst. Atty. Gen., West Palm Beach, for appellee.
GUNTHER, Judge.
Appellant, Bruce Filmore, defendant below (Filmore), appeals his judgment of conviction and sentence for attempted first degree murder with a firearm. We affirm in all respects except one.
Filmore contends that the trial court failed to comply with statutory law requiring a determination of all factors, including Appellant's ability to pay, prior to imposing restitution. The State concedes that the trial court made no findings concerning Appellant's ability to pay restitution.
Repeatedly we have held that the trial court must consider a defendant's financial resources prior to the imposition of restitution. Denmark v. State, 588 So.2d 324, 325 (Fla. 4th DCA 1991) and cases cited therein. Section 775.089(6), Florida Statutes (1993), directs restitution only after the trial court considers the financial resources of the defendant, the present and potential future financial needs and earning ability of the defendant, and such other factors which it deems appropriate. Thus, we remand with directions that the provision for restitution be stricken, or, alternatively, that the trial court hold an evidentiary hearing to determine the ability of appellant to pay restitution. See McInnis v. State, 605 So.2d 153 (Fla. 4th DCA), rev. denied, 613 So.2d 6 (Fla. 1992).
Accordingly, we reverse the trial's order and remand this case for further proceedings consistent with this opinion.
*536 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
STONE and FARMER, JJ., concur.