PER CURIAM.
T.P.H. appeals an order requiring him to pay $75 in restitution. He argues that restitution was imposed without notice and an evidentiary hearing. The state acknowledges that there is no record support for the existence of an “agreement” by defendant to pay restitution and concedes that the trial court failed to hold a restitution hearing. Accordingly, we reverse the restitution order and remand this case to allow the trial court to hold a restitution hearing. See Hamrick v. State, 648 So.2d 274, 276 (Fla. 4th DCA 1995); Dominique v. State, 590 So.2d 1059 (Fla. 4th DCA 1991); Mounds v. State, 526 So.2d 1084 (Fla. 4th DCA 1988). .
This juvenile has the constitutional right to appeal his adjudication of delinquency, disposition, and order of restitution. The public defender’s duty in representing her client is to raise any meritorious claims present in the record. Our duty is to decide cases on the law and to reverse, where, as here, the state concedes the error. However, we cannot fail to observe the great waste of state resources in allowing appeals of orders where the benefit to the appellant is so very minimal,
REVERSED AND REMANDED.
WARNER, C.J., SHAHOOD and TAYLOR, JJ., concur.