ORFINGER, R.B., J.
The State of Florida appeals a restitution order entered by the trial court which failed to include an award for income lost by the victim, Eduardo Macias-Castan, as a result of the aggravated battery committed on him by the defendant, Frederick Williams. We agree that the failure to properly consider such an award was error and remand the matter for further proceedings.
Frederick Williams was found guilty of committing an aggravated battery on Mr. Macias-Castan, who sustained fractured bones in his face, a fractured jaw and other significant medical and emotional injuries as a consequence of Williams’s crime. As a result of the injuries he sustained, Mr. Macias-Castan’s ability to work was severely limited. An evidentiary hearing was conducted on the State’s motion for restitution and the trial court ordered restitution for Mr. Maeias-Castan’s medical bills. The court declined to award any lost income to Mr. Macias-Castan, concluding that “the civil courts are the more appropriate venue to comprehensively address the lost wages” sustained by the victim.
Lost income may provide a basis for a restitution award. See § 775.089(2)(a)3., Fla. Stat. (2000); Vanlieu v. State, 630 So.2d 1218 (Fla. 5th DCA 1994). Here, the unrebutted evidence demonstrates that Mr. Macias-Castan lost income as a direct result of Williams’s aggravated battery on him. Consequently, he is entitled to an award of restitution unless the court finds clear and compelling reasons not to order such restitution. See § 775.089(l)(a)2., Fla. Stat. (2000). Because the Legislature has determined that the criminal courts are an appropriate forum for the award of such losses, the trial court’s belief that the civil courts would be a more appropriate venue to address the lost wage claim is not a sufficient reason to deny restitution for any lost income that can be satisfactorily proved.
We remand this matter to the trial court for further proceedings to determine the amount of Mr. Macias-Castan’s loss of income and whether the restitution order should include such sums for this purpose. Vanlieu, 630 So.2d at 1219.
REVERSED AND REMANDED.
HARRIS and SAWAYA, JJ., concur.