PER CURIAM.
A.B., a juvenile, appeals the trial court’s judgment and order, requiring him to pay $500 in restitution for the pain and suffering of Richard Plew. Because we agree with A.B. that the trial court erred in setting restitution before holding a requisite restitution hearing, we reverse.
The police arrested A.B. on August 17, 2003, after he thieved merchandise from a 7-Eleven. A.B. was apprehended while kicking and hitting Plew outside the store. The State filed a petition for delinquency on August 26, 2003, charging A.B. with felony battery and petit theft. On March 1, 2004, the trial court found A.B. guilty of petit theft and reserved ruling on the felony battery charge. On April 12, 2004, the trial court found A.B. guilty of misdemean- or battery. The trial court withheld adjudication, sentenced A.B. to probation, and ordered him to pay restitution of $500 for Plew’s pain and suffering.
The amount of restitution was set by the trial court based on Plew’s statement during his deposition that $500 would compensate him for pain and suffering. Counsel for A.B. objected to the trial court’s refusal to hold a hearing to determine the amount of restitution. After giving the parties notice, the trial court set a restitution hearing to determine only A.B.’s ability to pay and not the amount.
On April 29, 2004, A.B. filed a notice of appeal. On May 12, 2004, the trial court held the restitution hearing to determine *417 A.B.’s ability to pay. No transcript of this hearing is contained in the record on appeal. That same day, the trial court issued an order requiring A.B. to pay the $500 in restitution for Plew’s pain and suffering.
On appeal, A.B. argues that the trial court was obligated to hold a restitution hearing to determine his financial resources and, once determined, set the amount of restitution. The standard of review of a trial court’s determination of the amount of restitution is abuse of discretion. See State v. Hawthorne, 573 So.2d 330, 332-33 (Fla.1991). This court has held that the “[i]mposition of restitution without notice or a hearing is reversible error.” Burch v. State, 617 So.2d 846, 847 (Fla. 4th DCA 1993) (on rehearing); see also Mounds v. State, 526 So.2d 1084, 1085 (Fla. 4th DCA 1988).
The State contends that this court cannot review the restitution issue because the May 12, 2004 transcript was not included in the record on appeal. “Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence or by an alternative theory.” Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979).
In the case sub judice, the record on appeal is sufficient for review. As a result of A.B. filing the notice of appeal before the restitution hearing was held, the trial court no longer retained jurisdiction. E.g., Marro v. State, 803 So.2d 906, 906 (Fla. 4th DCA 2002) (“[T]he trial court was without jurisdiction to enter an order of restitution after appellant’s notice of appeal had been filed.”). Accordingly, the restitution hearing and the resulting order became a nullity.
Procedurally, a trial court must first consider the financial situation of a defendant, and his or her ability to pay, before determining an amount of restitution. See Filmore v. State, 656 So.2d 535, 535 (Fla. 4th DCA 1995); see also § 775.089(6), Fla. Stat. (2005). Moreover, restitution for pain and suffering is permitted when juveniles are required to pay for any damage caused by their offense. C.W. v. State, 655 So.2d 87, 88 (Fla.1995).[1] Accord § 985.231(l)(a)6., Fla. Stat. (2005) (stating that the trial court can order a juvenile to pay restitution for “any damage or loss caused by the child’s offense”) (emphasis added).
Before A.B. filed his notice of appeal, the trial court should have held a restitution hearing, first addressing the child’s ability to pay and then setting the amount of restitution based on Plew’s pain and suffering. It was reversible error for the trial court not to hold the requisite restitution hearing prior to ordering a restitution amount. See Burch, 617 So.2d at 846.
In conclusion, we reverse and remand for the trial court to hold a restitution hearing determining AB.’s ability to pay and setting a reasonable amount of restitution for Plew’s pain and suffering.

Reversed and Remanded.

STEVENSON, C.J., POLEN and TAYLOR, JJ., concur.

. This ruling was based on section 39.054(l)(f), Florida Statutes (1993), which the legislature repealed in 1997 and replaced with section 985.231. The wording of both statutes as to “any damage,” in regards to a juvenile offense and payment for restitution, is ostensibly the same.