975 So.2d 554 (2008)
L.S., Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1602.
District Court of Appeal of Florida, Fourth District.
February 6, 2008.
*555 Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
The child was charged with delinquency for vandalizing a car. At the final hearing on the petition, the State produced witnesses establishing that the child threw rocks repeatedly at an automobile and caused significant damage to its exterior. The owner of the vehicle testified that the amount of the damage was $6,000. After closing argument on the delinquency petition, the trial judge proceeded to announce his decision on the merits, explaining that the evidence was sufficient to show the vandalism. We affirm that decision without further discussion.
In imposing the penalty the trial judge also announced that the child was responsible for restitution in the amount testified by the owner. The judge found that the child currently had no ability to pay anything toward restitution but ruled that his liability for the $6,000 would continue into his majority. He appeals, arguing that it was a denial of due process not to afford him a formal hearing on the amount of restitution. We agree.
While the testimony of the owner was sufficient to prove guilt, it was not by itself sufficient to fix the amount of restitution at that point. Nothing in the record up to that point placed the child on notice that the amount of restitution would be determined solely on the basis of the evidence adduced at the hearing of the charge of delinquency. Without such notice, the child had no way of knowing that he would have to offer evidence as to the amount of any potential restitution at the hearing to determine whether he was even guilty of the charge. Imposition of a fixed amount of restitution without notice or hearing is error. A.B. v. State, 910 So.2d 415, 417 (Fla. 4th DCA 2005); Filmore v. State, 656 So.2d 535, 535 (Fla. 4th DCA 1995).
Adjudication of delinquency affirmed; restitution order reversed.
WARNER and GROSS, JJ., concur.