978 So.2d 270 (2008)
J.G., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-3236.
District Court of Appeal of Florida, Fourth District.
April 9, 2008.
*271 Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, C.J.
This is an appeal from a judgment of conviction and sentence on the charge of simple battery. Appellant argues that the trial court erred in entering an upward departure commitment from that recommended by the Department of Juvenile Justice (DJJ). Appellant also urges that the trial court erred in ordering restitution during the disposition hearing without notice to appellant of a restitution hearing and without addressing his ability to pay.
We affirm the trial court's upward departure commitment, but reverse the restitution order and remand for further proceedings.
In this case, the DJJ recommended that J.G. be placed in a low risk residential program. The trial court disagreed and placed J.G. in a moderate risk residential program.
A trial court may depart from the DJJ recommendations, but must state on the record the reasons for such departure:
The court shall commit the child to the department at the restrictiveness level identified or may order placement at a *272 different restrictiveness level. The court shall state for the record the reasons that establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department.
§ 985.433(7)(b), Fla. Stat. (2007).
In making its decision, the trial court entered extensive findings supported by competent, substantial evidence which focused on three reasons for the departure: 1) appellant is a criminal street gang member; 2) the seriousness of the offense; and 3) that probation is not working.
We hold the record evidence in this case supports the trial court's determination to place J.G. in a moderate risk residential program.
Addressing the restitution issue we note that during the disposition hearing the victim's father testified that the medical bills from the attack on his son amounted to $3,236.78 and that he lost two days of work totaling $240 in lost wages. The victim's father had brought the medical bills into court and the trial court asked if there was any objection. The trial court, hearing no objection, ordered J.G. and his parents to pay the sum of $3,476.78 in restitution to the victim's father.
In order to award restitution, a trial court must first conduct a restitution hearing addressing the child's ability to pay and then the amount of restitution to be paid. A.B. v. State, 910 So.2d 415, 417 (Fla. 4th DCA 2005) ("It was reversible error for the trial court not to hold the requisite restitution hearing prior to ordering a restitution amount."). If the court intends to establish the amount of restitution based solely on the evidence adduced at a hearing of the charge of delinquency, the child must be given notice:
Without such notice, the child had no way of knowing that he would have to offer evidence as to the amount of any potential restitution at the hearing to determine whether he was even guilty of the charge. Imposition of a fixed amount of restitution without notice or hearing is error.
L.S. v. State, 975 So.2d 554, 555 (Fla. 4th DCA 2008).
In this case, there is no record evidence that J.G. was given notice that the evidence adduced at the disposition hearing would determine the amount of restitution, nor did the trial court address the child's ability to pay. As a result, the restitution order must be reversed and the cause remanded for the trial court to conduct a restitution hearing to determine J.G.'s ability to pay and providing him notice that the evidence at the hearing will determine the amount of restitution.
Accordingly, we affirm the judgment of conviction and sentence and reverse and remand the restitution order entered by the trial court.
Affirmed; Restitution Order Reversed and Remanded.
POLEN and MAY, JJ., concur.