77 So.3d 804 (2011)
D.W., Appellant,
v.
STATE of Florida, Appellee.
No. 2D10-5267.
District Court of Appeal of Florida, Second District.
December 28, 2011.
James Marion Moorman, Public Defender, and Alisa Smith, Assistant Public Defender, Bartow, for Appellant.
Pamela Jo Bondi, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
D.W., a juvenile, appeals a restitution order requiring her to repay $400 to her grandmother. We reverse this order due to procedural irregularities.
D.W. went to a store with $400 to buy her grandmother a $360 money order. After she returned from the store, the $360 money order and $40 in change from the $400 disappeared. D.W.'s mother apparently found the $360 money order at a motel room at which D.W.'s mother was staying. Law enforcement initially took custody of the money order but then returned it to D.W.'s mother. The mother claimed she put the money order in the mail to the grandmother, and the grandmother claimed she never received the money order.
The State filed a delinquency petition against D.W. alleging that she had committed grand theft. D.W. eventually negotiated a plea by which the offense would be classified as a petit theft. Thus, for purposes of her adjudication and disposition, the court did not determine what D.W. had taken or its value. D.W. disputed the amount of restitution, and the juvenile court informed her that "we'll have a restitution hearing."
A few days after the entry of the disposition order, the juvenile court entered an order referring the restitution issue to a magistrate. The matter was delayed for *805 reasons that are not important to our decision, and another judge entered a second such order of referral. The magistrate heard and decided the restitution issue. The report of the magistrate was signed on October 5, 2010, and filed on October 8. The report informed D.W. that she could file exceptions within ten days "in accordance with the Florida Rules of Juvenile Procedure 8.257(f)." Nevertheless, the order directing restitution, which does not refer to the magistrate's report in any manner whatsoever, was signed and filed by the juvenile court on October 6 and, thus, precedes the report of the magistrate in the record.
The Florida Rules of Juvenile Procedure have several sections. One section deals with delinquency; another section deals with dependency and termination of parental rights proceedings. Rule 8.257(f) is a rule applicable to dependency and termination of parental rights proceedings. The parties have not cited and we have found no authority that would allow for the application of this rule in delinquency proceedings. Furthermore, we have found no other authority that allowed the juvenile court to delegate its judicial determination of the amount of restitution to a magistrate in this case, and this determination is generally deemed to be nondelegable. See Mansell v. State, 498 So.2d 604, 604 (Fla. 2d DCA 1986) ("The amount of restitution is a determination to be made exclusively by the trial court and cannot be delegated."). Finally, even if such a delegation could be accomplished by administrative order, we found no administrative order in the Tenth Judicial Circuit authorizing this delegation.
It is evident from the record that the magistrate usually conducts dependency hearings and has little experience with hearings to set restitution. The magistrate even made findings "by clear and convincing evidence," rather than by a preponderance of the evidence. The magistrate's report does not actually resolve D.W.'s primary contention, which is that she should not be liable for the loss of the $360 money order after it was delivered to law enforcement and placed into the control of her mother. Finally, the fact that the juvenile court immediately signed and recorded the restitution order would be troubling to this court even if the magistrate had been authorized to conduct this hearing.
Reversed and remanded for a restitution hearing in the juvenile court.
DAVIS and MORRIS, JJ., Concur.