MILLS, Judge.
Appellant-defendant seeks reversal of his conviction, entered pursuant to a plea of guilty, for breaking and entering with intent to commit a misdemeanor, and a four-year sentence thereon. The sole ground for reversal is that the trial court erred in accepting defendant’s plea of guilty without determining that there was a factual basis for the plea as required by Rule of Criminal Procedure 3.170(j).
Violation of a procedural rule does not call for reversal of a conviction unless the record discloses that noncompliance resulted in prejudice to the defendant. Richardson v. State, 246 So.2d 771 (Fla.1971).
A defendant has the burden of proving prejudice or manifest injustice. Defendant here does not contend nor does the record show that he was prejudiced or manifest injustice resulted.
The record presented to us clearly reflects :
1. defendant voluntarily entered the plea;
2. defendant understood the consequences ;
3. pursuant to plea bargaining, the trial court agreed to and did impose a *101 four-year sentence though the maximum penalty was five years.
Affirmed on authority of Williams v. State, 316 So.2d 267 (Fla.1975).
BOYER, C. J., and McCORD, J., concur.