344 So.2d 597 (1977)
Frank Howard BAKER, Appellant (Defendant),
v.
STATE of Florida, Appellee (State).
No. DD-13.
District Court of Appeal of Florida, First District.
April 1, 1977.
Rehearing Denied May 3, 1977.
Richard W. Ervin, III, Public Defender; and Louis G. Carres, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen.; and Patti Englander, Asst. Atty. Gen., for appellee.
*598 MILLS, Judge.
Pursuant to plea bargaining, Baker pled guilty to a charge of uttering a forged instrument. When accepting the plea, the trial court failed to advise Baker the maximum sentence for the offense. Although Williams v. State, 316 So.2d 267 (Fla. 1975), suggests this be done, it is dictum.
The Williams case holds that the violation of a rule of procedure does not require reversal of a conviction unless the record discloses that noncompliance resulted in prejudice. The burden is on the defendant to clearly prove prejudice. No prejudice is shown by the record presented to us. In fact, it appears that defendant received less than the maximum sentence. What difference would it have made if he had known what the maximum sentence was?
We affirm.
BOYER, C.J., and McCORD, J., concur.