491 So.2d 326 (1986)
Charles MORGAN, Appellant,
v.
STATE of Florida, Appellee.
No. BD-304.
District Court of Appeal of Florida, First District.
July 15, 1986.
*327 Michael E. Allen, Public Defender, and Terry P. Lewis, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Andrea Smith Hillyer, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Appellant appeals from an order requiring him to pay restitution in the amount of $51,009.34. He had been convicted, pursuant to a nolo contendere plea, of grand theft and the court had placed him on probation for two years with a condition of restitution, the amount to be determined pursuant to a subsequent hearing.
At the subsequent hearing, several witnesses were presented in order to establish the amount which the defendant had stolen. All of the testimony and argument presented by counsel at the hearing pertained to the determination of the correct amount. Throughout the hearing, there was no suggestion that the defendant would not be able to pay restitution, even after the trial court tentatively indicated that the amount would be upwards of $50,000. Four days after the hearing, the court entered an order establishing the amount at $51,009.34 and requiring the defendant to pay such amount during his probationary period.
On appeal, the only point raised by the appellant is the failure of the trial court to consider the ability of the appellant to pay such restitution. Appellant does not contest the court's implicit finding that the appellant was responsible for the theft of the above sum.
It is true that the defendant had a right to require the court to consider the ability of the defendant to pay the restitution at the time of the entry of the restitution order. See Section 775.089(6), Florida Statutes (1984 Supp.); Ballance v. State, 447 So.2d 974, 976 (Fla. 1st DCA 1984). However, the defendant, by failing to assert, at any point in the proceedings below, his rights under Section 775.089(6), or to otherwise assert in any manner an inability to pay the restitution, waived his right to raise on appeal from the subject order the trial court's failure to determine the defendant's financial ability to pay. Section 775.089(7) provides, in pertinent part:
"(7) * * * The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant and his dependents is on the defendant."
Of course, in the case at bar, unlike such cases exemplified by Fresneda v. State, 347 So.2d 1021 (Fla. 1977) and Harris v. State, 452 So.2d 1041 (Fla. 2nd DCA 1984), the proceedings below were not flawed by any failure to provide the defendant with notice and opportunity to be heard on the issues regarding restitution.
We realize that there exist in the records of this case orders of insolvency for the purpose of appointment of the public defender at the commencement of the case below and for purposes of appeal. We do not, however, believe that the fact that such orders were entered excuses the defendant's failure to affirmatively assert his rights under Section 775.089(6) where he has had full opportunity to do so.
Nevertheless, we wish to make it clear that our ruling does not preclude the defendant, in a subsequent enforcement proceeding instituted by reason of the defendant's failure to comply with the restitution requirements of his probation, from defending on the basis of his financial inability to pay. See Sections 948.032 and 948.06(4), Florida Statutes. However, under present law, the burden would be on the defendant to prove such financial inability. Section 948.06(4), Florida Statutes; Bass v. State, 473 So.2d 1367, 1370 (Fla. 1st DCA 1985).
AFFIRMED.
MILLS and WENTWORTH, JJ., concur.