517 So.2d 129 (1987)
Thomas PANNO, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-2675.
District Court of Appeal of Florida, Fourth District.
December 30, 1987.
*130 Richard L. Jorandby, Public Defender, and Anthony Cavallo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and John W. Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
The defendant appeals an order of revocation of probation. We affirm and elect to discuss only one point on appeal, having duly considered them all.
Appellant pleaded guilty on April 2, 1981, to all three counts against him in a filed information: kidnapping, burglary and simple battery. He was put on probation for thirty years on the kidnapping count, with fifteen years' probation for burglary and one year for the battery, all to be served concurrently.
In 1985 he was charged with violation of probation. The affidavit of probation violation together with two amendments listed a total of 13 violations, but the prosecutor agreed to proceed on just five of these: a reporting violation, an unconsented departure from the county, a marijuana possession, a cocaine possession and an exposure of sexual organs. At the hearing on the alleged probation violation, the court found that appellant had committed four of the five violative acts. Sentencing was postponed. Two months later, appellant filed a sworn motion to withdraw or vacate his guilty plea which he had entered five years earlier. The motion was denied by written order.
Appellant was then sentenced as follows: On the kidnapping count, 30 years in prison; on the burglary count, 15 years, and on the battery one year, all to be served consecutively in that order. As the sentencing order reflects, appellant chose not to be sentenced under the guidelines.
At the hearing on violation of probation, appellant's probation officer, Kim Farnam, testified that while on probation appellant left the county without first obtaining a travel permit from the probation department. Kim Nguyen testified concerning the charge of exposure of sexual organs, saying that in April 1985  without recalling the exact date  she saw a man near her house with a blue bandana over part of his face and with his pants down below his knees and that she had picked the accused out in a lineup.
Lake Worth Police Sergeant Edward Riddle described both a photo lineup and a live lineup before Ms. Nguyen, who picked appellant in the live lineup when the six participants wore bandanas over the lower part of their faces.
Sergeant Donald L. Williams testified to finding a blue bandana in appellant's car when he searched it incident to arrest, and finding marijuana, cocaine and drug paraphernalia at appellant's house after obtaining a search warrant. There were also blue bandanas in appellant's bedroom.
Appellant first contends there are two reasons why he should have been allowed to withdraw his 1981 guilty plea: (1) that there was no factual basis to support his plea to the kidnapping count; and (2) that he was given incorrect information on the penalty to which he would be subject.
The evidence here was basically that appellant, who appeared to have something in his hand that could have been a weapon, approached two teenaged girls who were sunbathing, told them to be quiet on pain of being hurt, ordered them to go into their house, shoved one of them to the ground on the way to the house, and then entered the house with them. Appellee *131 points out that according to Faison v. State, 426 So.2d 963 (Fla. 1983), one can be guilty of both kidnapping and the underlying felony unless the confinement was inconsequential or inherent in the nature of the underlying felony. 426 So.2d at 966. The Supreme Court upheld kidnapping convictions in that case although the victims were abducted only short distances before the underlying felonies of rape were committed. The state urges that the forced moving of the girls to their house in the instant case was not merely incidental to the burglary. We agree.
Appellee agrees that appellant was advised at the time when he was considering pleading guilty that his maximum penalty for the kidnapping was 30 years, when in fact it was life in prison. Thus, appellant's second reason for feeling he was entitled to withdraw his guilty plea is factually true.
Understanding the maximum penalty to which one is exposing himself is considered to be a component of the required voluntariness of a guilty plea under Florida Rule of Criminal Procedure 3.172(a) and (c)(i). The state contends, however, that until appellant is actually exposed to sentencing consequences greater than he was led to believe was the maximum possibility he has not suffered the legal prejudice that would be required in order that withdrawal of his guilty plea would have to be permitted.
Although we do not feel that the authorities cited by either side provide a resolution for this issue, we conclude the state takes the correct view. The controlling factor in plea withdrawal cases is showing of prejudice or manifest injustice. Florida cases in which failure to explore the factual basis for the guilty plea is charged provide this principle. See, e.g., Cannon v. State, 317 So.2d 459 (Fla. 1st DCA 1975); [Ten] Broeck v. State, 317 So.2d 100 (Fla. 1st DCA 1975). We hold the same principle must apply where the incorrect maximum sentence was stated to the defendant, and where the defendant is appealing the denial of his motion to withdraw his plea years after, rather than timely appealing the procedure when the plea was entered.
We are aware that the corresponding portion of Federal Rule of Criminal Procedure 11 is similar to Florida Rule of Criminal Procedure 3.172(c). In fact the 1977 committee note speaks of incorporating Federal Rule 11(c). Moreover, on direct appeal, federal courts have granted relief. See McCarthy v. United States, 394 U.S. 459, 463-64, 89 S.Ct. 1166, 1169-70, 22 L.Ed.2d 418, 423-24 (1968); United States v. Bell, 776 F.2d 965 (11th Cir.1985), rehearing denied, 782 F.2d 180, certiorari denied, ___ U.S. ___, 106 S.Ct. 3272, 91 L.Ed.2d 563 (1986); and United States v. Timmreck, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1919). Although the unanimous Supreme Court would not allow the collateral attack, observing that the violation was neither constitutional nor jurisdictional, the Court indicated the claim could have been made on direct appeal, by authority of McCarthy, and intimated such an appeal would have been successful.
Here it is at least arguable that because appellant was misled as to the maximum sentence for kidnapping he did not know the consequences of his plea at the time he entered it. He is, however, appealing denial of his motion to withdraw his plea years after the event, rather than timely appealing the plea procedure. This is more in the nature of a collateral attack than of a direct appeal. Thus, even under federal law he might not prevail. The Florida cases do not appear to follow the federal ones in any case, nor need they, when it has not been determined that the federal reversals are on constitutional grounds.
The logic of not reversing here is much the same as the logic of the Timmreck Court in denying a collateral attack  concern with finality. It is now some six years since appellant's plea was accepted. He never objected before  albeit admittedly he was not much affected by the error while he remained on probation. Should we go back now to correct the error, when it is uncertain that it really will result in prejudice to him? Nor is it at all certain that had appellant known at the time he tendered *132 his plea what the maximum sentence really was, he would not have entered it.
ANSTEAD and GUNTHER, JJ., concur.