532 So.2d 71 (1988)
Michael Scott HAMRICK, Appellant,
v.
STATE of Florida, Appellee.
No. 88-299.
District Court of Appeal of Florida, First District.
October 13, 1988.
*72 Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Appellant Michael Scott Hamrick seeks review of an order of restitution, urging that the trial court erred in failing to determine whether he had the ability to pay restitution and in ordering an unspecified amount of restitution. We affirm in part and reverse in part, and remand with directions. As to the initial issue that the trial court erred in failing to determine whether appellant had the ability to pay restitution, we find that issue waived by appellant's failure to make any objection below, and affirm. See Morgan v. State, 491 So.2d 326 (Fla. 1st DCA 1986).
Appellant next contends that the trial court erred by unlawfully delegating its responsibility to the probation officer to determine the correct amount of restitution. We agree. Section 948.03(1)(e), Florida Statutes (1987), clearly provides that the amount of restitution is "to be determined by the court." See also McCaskill v. State, 520 So.2d 664 (Fla. 1st DCA 1988); Shipley v. State, 512 So.2d 1135 (Fla. 2d DCA 1987), approved as to restitution, disapproved on other grounds, 528 So.2d 902 (Fla. 1988); and James v. State, 499 So.2d 24 (Fla. 1st DCA 1986).
We therefore reverse the order of restitution in part and remand with directions that the trial court conduct a hearing for the purpose of determining the correct amount of restitution appellant is required to pay.
AFFIRMED in part, REVERSED in part, and REMANDED.
WENTWORTH and ZEHMER, JJ., concur.