552 So.2d 1185 (1989)
Jimmy Joe GORE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1721.
District Court of Appeal of Florida, Fifth District.
November 30, 1989.
James B. Gibson, Public Defender and Barbara C. Davis, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Appellant orally waived counsel at arraignment and pled guilty to the unlawful use of a fictitious name in an application for a driver's license. At sentencing he signed a written waiver of counsel and was sentenced to incarceration for five years. Sixteen days after sentencing appellant *1186 moved to set aside his plea on the grounds that the plea was not supported with a factual basis, that he did not execute a written waiver of counsel at the time of plea, that the plea was equivocal, and that the court failed to advise him of the consequences of a guilty plea. After a hearing the trial court denied the motion, and appellant appealed.
The withdrawal of a guilty plea is a question addressed to the sound discretion of the trial court, and the defendant must establish good cause for the withdrawal. Mere allegations in a motion, unsupported by proof, never constitute a sufficient basis. Brown v. State, 428 So.2d 369 (Fla. 5th DCA 1983). Although Rule 3.172, Florida Rules of Criminal Procedure, requires a trial judge to satisfy himself that a plea is voluntary and that there is a factual basis for it, failure to comply with that rule alone is not a sufficient predicate for post-conviction relief. Appellant must also show that he was prejudiced. State v. Caudle, 504 So.2d 419 (Fla. 5th DCA 1987). Appellant has never claimed that he did not commit the offense and, therefore, has demonstrated neither actual prejudice nor an abuse of discretion.
Appellant also contends that the trial court erred in preparing his scoresheet. We agree. Scoring offenses which occur after the primary offense as prior record is improper. Laster v. State, 486 So.2d 88 (Fla. 5th DCA 1986).
Conviction AFFIRMED; REMAND for resentencing.
DAUKSCH and SHARP, JJ., concur.