562 So.2d 856 (1990)
Herbert Lee MICKENS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-3001.
District Court of Appeal of Florida, First District.
June 21, 1990.
T. Whitney Strickland, Tallahassee, for appellant.
No appearance for appellee.
PER CURIAM.
Herbert Lee Mickens has appealed from the judgment and sentence entered following his plea of guilty to burglary of a dwelling and grand theft. Mickens' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that no good faith argument can be made for reversal. We affirm in part, reverse in part and remand for further proceedings.
Prior to accepting Mickens' plea, the trial judge personally addressed him regarding the matters set forth in Rule 3.172(c), Florida Rules of Criminal Procedure, except that he did not inform Mickens of the maximum possible penalty which could be assessed against him. See Rule 3.172(c)(i), Fla.R.Crim.P. Mickens did not object nor move to withdraw his plea based on this omission, and the trial court accepted the plea.
Mickens was thereafter sentenced within the guidelines. During the sentencing proceeding, the trial court orally imposed court costs of $250 without giving Mickens notice or the opportunity to object. Mickens appealed, and his counsel filed the aforementioned Anders brief. Although given leave by this court to file a pro se brief, Mickens did not do so. Our own *857 review of the record has revealed two errors which merit discussion: the trial court's failure to inform Mickens of the maximum penalty allowable for his offenses prior to accepting his plea, and the assessment of court costs without notice or the opportunity to be heard.
We find first that it was not reversible error when the trial court did not inform Mickens of the maximum penalty allowable for his offenses. Rule 3.172(i), Florida Rules of Criminal Procedure, provides that "[f]ailure to follow any of the procedures in this Rule shall not render a plea void absent a showing of prejudice." The burden is on the defendant to provide clear proof of such prejudice. Baker v. State, 344 So.2d 597, 598 (Fla. 1st DCA 1977). No prejudice appears on the face of the record, nor has it been argued or proven in any brief filed with this court. We therefore affirm on this issue.
However, with regard to the imposition of costs without notice or the opportunity to be heard, we reverse, without prejudice to the state's right to seek reassessment upon proper notice and an opportunity to be heard. See Smith v. State, 558 So.2d 534 (Fla. 1st DCA 1990).
Affirmed in part, reversed in part, and remanded for further proceedings.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.