PER CURIAM.
This cause is before us on appeal from a judgment and sentence entered on a plea of nolo contendere to three counts of grand theft of an automobile. Restitution was denied in two of the convictions and awarded in the amount of $1,071.12 as to the third. On appeal, appellant contends that the trial court erred in awarding restitution because he is unable to pay and because the evidence was insufficient to establish the amount of restitution.
In Hawthorne v. State, 558 So.2d 156, 157 (Fla. 1st DCA 1990), this court held:
Although Section 775.089(6), Florida Statutes (1988 Supp.), requires the court to consider “the financial resources of the defendant, the financial needs and earning ability of the defendant and his dependents,” subsection (7) clearly provides that the burden of demonstrating such financial resources and needs is on the defendant.
Appellant had the burden of demonstrating his inability to pay. The State was not required to prove appellant’s financial ability to pay restitution in order to have appellant reimburse the victim for his loss. Here, appellant testified as to his poor physical and financial condition; however, he failed to prove his financial inability to pay.
The trial court found appellant had the ability to pay since most living expenses *92 were furnished during incarceration and appellant received federal disability income. Although appellant later claimed that his federal disability checks had stopped, that claim was unsubstantiated, and appellant failed to present any evidence as to whether the benefits were permanently or temporarily discontinued. Based on appellant’s failure to meet his affirmative obligation of proving his inability to pay, the trial court’s order awarding restitution is affirmed.
Accordingly, the trial court’s judgment, sentence, and restitution order are affirmed.
BOOTH, SMITH and WENTWORTH, JJ., concur.