575 So.2d 1379 (1991)
Thomas BUTTS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1548.
District Court of Appeal of Florida, Fifth District.
March 14, 1991.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, Thomas Butts, has alleged on appeal that the imposition of restitution, without a concomitant determination of ability to pay, was reversible error. In the past, this court has held that section 775.089(6), Florida Statutes (1989), requires a sentencing judge to determine a defendant's ability to pay prior to ordering a defendant to make restitution. Leyba v. State, 520 So.2d 705 (Fla. 5th DCA 1988). Section 775.089(6) reads:
(6) The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the present and potential future financial needs and earning ability of the defendant and his dependents and such other factors which it deems appropriate.
Section 775.089(7) reads in pertinent part:
(7) ... The burden of demonstrating the present financial resources and the absence of potential future financial resources of the defendant and the financial needs of the defendant and his dependents is on the defendant.
It is important to note that a defendant must object to the proposed order of restitution and present evidence of his or her inability to pay at the time the restitution is ordered; otherwise, a defendant will waive this argument. See Spivey v. State, 531 So.2d 965, 967, n. 2 (Fla. 1988); Williams v. State, 565 So.2d 849, 851 (Fla. 1st DCA 1990); Dickens v. State, 556 So.2d 782, 785 (Fla. 2d DCA 1990); Abbott v. State, 543 So.2d 411, 413 (Fla. 1st DCA 1989); Hamrick v. State, 532 So.2d 71, 72 (Fla. 1st DCA 1988); Morgan v. State, 491 So.2d 326, 327 (Fla. 1st DCA 1986). In short, a defendant must affirmatively assert his rights under section 775.089(6), when he is given the opportunity to do so.
In the instant case, the state correctly points out that the trial court did in fact consider the defendant's ability to pay and that the defendant clearly failed to meet the burden placed upon him. The evidence indicates that Butts will attempt *1380 to work in the service industry at $7.00 to $8.00 per hour (40-hour week). Notwithstanding the defendant's age, the elicited testimony establishes that the defendant has a future earning ability.
Accordingly, the judgment and sentence are affirmed.
AFFIRMED.
DAUKSCH and COWART, JJ., concur.