591 So.2d 1134 (1992)
Clarence HATCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0243.
District Court of Appeal of Florida, Fourth District.
January 8, 1992.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
POLEN, Judge.
The appellant was charged with armed robbery, armed burglary of a conveyance, possession of burglary tools and resisting arrest without violence. The appellant contests the trial court's denial of his motion to withdraw and change a no-contest plea and he also appeals his sentence, claiming that it was error for the trial court to reserve jurisdiction in order to determine, *1135 at the time appellant was to begin the probation portion of his sentence, the amount of restitution to be awarded to the victim.
We affirm the trial court's denial of the appellant's motion for a change of plea. The appellant entered into a written plea bargain and he consented to the terms of the agreement in open court. The appellant obtained the benefit of his bargain by not being adjudicated a habitual offender, and we therefore find no error in the trial court's sentencing of the appellant to a longer term than was initially expected. The agreement provided for this contingency because it was entered into before a pretrial sentencing investigation could be performed. In affirming, we rely on Thomas v. State, 566 So.2d 613 (Fla. 4th DCA 1990), jurisdiction accepted, 577 So.2d 1330 (Fla. Apr. 12, 1991).
The appellant argued that reversal was necessary due to the apparent inadequacy of the plea colloquy by the trial judge. We find no error here because the appellant has failed to show any prejudice, or manifest injustice, under the circumstances of his written plea agreement, and clear acquiescence to its terms. See Mickens v. State, 562 So.2d 856 (Fla. 1st DCA 1990); Gore v. State, 552 So.2d 1185 (Fla. 5th DCA 1989); Panno v. State, 517 So.2d 129 (Fla. 4th DCA 1987), rev. denied, 525 So.2d 880 (Fla. 1988).
At sentencing, the trial court ruled that the appellant was liable to the victim for some amount of restitution, but the court ruled that the amount would be determined in the future, after the appellant had served the prison portion of his sentence.[1] This court, and other appellate courts, have held that it is not error for the trial court to reserve jurisdiction for future determination of the amount of restitution, however, we find that it was error for the trial court to reserve jurisdiction in the present case.
This court has interpreted section 775.089, Florida Statutes (1989), as allowing the reservation of jurisdiction in those cases where the damages sustained by the victim cannot be reduced to a specific amount by the time of the defendant's sentencing hearing. Stanley v. State, 580 So.2d 349 (Fla. 4th DCA 1991); Weckerle v. State, 579 So.2d 742 (Fla. 4th DCA 1991) (victim's counseling not complete by the time of sentencing hearing). We also affirmed the trial court's reservation of jurisdiction for restitution purposes in In re B.M., 580 So.2d 896 (Fla. 4th DCA 1991).
We do not recede from, or modify, our decisions in the above cited cases; however, we find that in the present case there was no valid reason for the reservation of jurisdiction, especially not for such a period of time as it might take for the appellant to be released from prison. There are inherent dangers in the reservation of jurisdiction in cases like the one at bar, including the disappearance of witnesses and the transfer of judges from the criminal division of the circuit court. No defendant's sentence is really for a definite period of time, in light of the various statutory and administrative applications which shorten the time a convicted person spends in prison.
In the case at bar, we hold invalid the reservation of jurisdiction. We therefore reverse the appellant's sentence as to the order of restitution. On remand the trial court shall hold a restitution hearing, as prescribed by section 775.089, Florida Statutes (1989), to determine the amount owed to the victim, if it can be reasonably ascertained at the present time.
The judgment of conviction is affirmed and the appellant's sentence is reversed and remanded, with instructions.
GLICKSTEIN, C.J., and DELL, J., concur.
NOTES
[1] The appellant was sentenced to seventeen years in prison for the armed robbery count, with five years concurrent time for the remaining counts. The prison term was to be followed by five years probation, during which the trial court intended that restitution would be paid. Count IV, for resisting arrest without violence, was nolle prossed by the state.