617 So.2d 846 (1993)
Rodney BURCH, a/k/a Lepke Jones, Appellant,
v.
STATE of Florida, Appellee.
Nos. 90-2929, 91-1296.
District Court of Appeal of Florida, Fourth District.
May 5, 1993.
Rehearing Denied May 5, 1993.
Rodney Burch, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John M. Koenig, Jr., Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing En Banc Denied May 5, 1993.

*847 ON MOTION FOR REHEARING
PER CURIAM.
On rehearing we sua sponte withdraw our prior opinion and substitute the following.
Rodney Burch was charged on multiple counts in four separate prosecutions. He pled guilty to one count of robbery, one count of battery, two counts of robbery with a firearm, one count of aggravated assault, one count of possession of cocaine and one count of carrying a concealed firearm. Under the recommended guidelines range Burch would have received between 27 to 40 years. However, the trial court sentenced Burch as a violent habitual offender and increased his sentence. The trial court gave no reasons for sentencing Burch as a habitual offender. Subsequently, without notice or a hearing, the trial court ordered Burch to pay restitution in the amount of $500 to a victim of the robbery, $1,200 to another victim and $1,114 to State Farm Insurance.
We reverse and remand the order of restitution because the trial court failed to consider the factors set out in section 775.089(6) and (7), Fla. Stat. (1989) which mandate that the court consider the financial resources of the defendant, and the present and potential future financial needs and earning ability of the defendant and his dependents. Imposition of restitution without notice or a hearing is reversible error. Mounds v. State, 526 So.2d 1084 (Fla. 4th DCA 1988).
Regarding Burch's habitual felony offender sentence, we affirm based on State v. Rucker, 613 So.2d 460 (Fla. 1993).
Affirmed in part; reversed in part and remanded for further proceedings.
HERSEY and WARNER, JJ., and WALDEN, JAMES H., Senior Judge, concur.