622 So.2d 1374 (1993)
Clifford D. DRIGGERS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2891.
District Court of Appeal of Florida, Fifth District.
September 3, 1993.
*1375 James B. Gibson, Public Defender, and S.C. VanVoorhees, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara C. Davis, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge
Clifford D. Driggers appeals an order of restitution for damages resulting from a traffic accident in which he was involved while he was under the influence of alcoholic beverages. He alleges that the court erred when it ordered immediate restitution without determining his ability to pay. He does not complain about the amount, $20,115.93, but requests that we remand to the trial court for a determination of ability to pay and an appropriate payment schedule.
A defendant must affirmatively assert his rights under section 775.089(6), Florida Statutes, to present evidence of inability to pay restitution at the time it is ordered or the argument is waived. Butts v. State, 575 So.2d 1379 (Fla.5th DCA 1991). Defendant failed to make the objection of inability to pay at the October 26, 1992 sentencing hearing although the State had given written notice on July 22, 1992 that it intended to seek restitution. This issue cannot be raised on appeal for the first time.
AFFIRMED.
W. SHARP and GOSHORN, JJ., concur.