COBB, Judge.
The two issues raised on this appeal deal with the imposition of restitution and whether drug offender probation was properly ordered by the trial court. Leveroek had previously pled guilty to grand theft in the third degree, and then was charged with violating the terms of his probation.
As to the first point raised by Leveroek that the trial court erred by imposing restitution in the amount of $1,026.83, we note that he was given adequate notice that restitution would be imposed. State v. Beasley, 580 So.2d 139 (Fla.1991). The burden of demonstrating the present financial resources and absence of ability to pay rests with the defendant. § 775.089(7), Fla.Stat. (1993). See also Driggers v. State, 622 So.2d 1374 (Fla. 5th DCA 1993).
Secondly, Leveroek argues that because of the nature of the charge and adjudication, the drug offender section of his probation should be stricken. We agree. Contrary to the state’s position, Leveroek did object and has appealed the substance abuse treatment conditions. The argument that Leveroek cannot raise this issue now because he did not object to a few similar conditions in the initial probation order is without merit. See MacIntyre v. State, 625 So.2d 118 (Fla. 5th DCA 1993); Edmunds v. State, 559 So.2d 415 (Fla. 2d DCA 1990).
Accordingly, the drug offender probation order is reversed.
AFFIRMED in part, REVERSED in part, and REMANDED.
PETERSON and GRIFFIN, JJ., concur.