631 So.2d 310 (1994)
Frankie Lee BOLLING, Appellant,
v.
STATE of Florida, APPELLEE.
No. 93-530.
District Court of Appeal of Florida, Fifth District.
January 14, 1994.
*311 James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara Arlene Fink, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The defendant below, Frankie Lee Bolling, was charged with attempted second-degree murder and with sale of cocaine. He pled nolo contendere to reduced charges of aggravated battery and attempted possession of cocaine (a misdemeanor). A special stipulation as to the negotiated plea was that the court could depart and sentence the defendant to community control or one to ten years imprisonment. Prior to sentencing, Bolling was served with a notice of intent to seek restitution for medical expenses.
During the plea colloquy, the trial court advised the defendant that the maximum penalty which could be imposed under the pleas was 15 years imprisonment on the charge of aggravated battery and one year in jail on the drug charge. The court then stated, "Whatever happens is strictly up to the judge who sentences you. Do you understand that?" The defendant answered in the affirmative. The state additionally reminded the court about restitution and the defense advised it would not waive any objection as to ability to pay.
The defendant's scoresheet totalled 160 points for a recommended sentence of 4 1/2-5 1/2 years imprisonment and a permitted range of 3 1/2-7 years imprisonment. The defendant was sentenced on the felony to a true split sentence of 13 1/2 years with 3 1/2 years to be served in prison followed by 10 years probation. The defendant was sentenced to time served on the misdemeanor.
Restitution of $56,617.73 was ordered, payable to the Jacksonville University Medical Center. Defense counsel recognized "restitution will have to be paid" but only after a determination of the defendant's ability to pay. Defense counsel took exception to the imposition of restitution at the time of sentencing.
On appeal, Bolling first argues that it was reversible error for the trial court to impose restitution without considering his present means and future ability to pay. We find no merit in this argument based upon the applicable statute. Under section 775.089(1)(a), Florida Statutes, a trial court shall order a defendant to pay restitution to crime victims absent clear and compelling reasons not to so order. Section 775.089(7), places upon the state the burden of demonstrating the amount of the loss sustained, and upon the defendant the burden of demonstrating his financial circumstances. See Cheatham v. State, 593 So.2d 270 (Fla. 4th DCA 1992).
The defendant here does not challenge the sufficiency of the state's proof of the amount of the loss. Rather, he argues that the court failed to consider his present and future financial condition as it relates to his ability to pay.
In Butts v. State, 575 So.2d 1379 (Fla. 5th DCA 1991), this court held that a defendant must object to a proposed order of restitution and present evidence of his inability to pay at the time restitution is ordered. Otherwise, the issue of failure to determine ability to pay will be deemed waived. The court declared, "In short, a defendant must affirmatively assert his rights under section 775.089(6) [now subsection (7)], when he is given the opportunity to do so." 575 So.2d at 1379.
In the instant case, the trial court asked about restitution and defense counsel indicated that "The restitution will have to be paid. That's only after a determination of his ability, but still... ." After discussing the amount of restitution due, the court asked defense counsel "Anything else" to which defense counsel replied "No, Your Honor." After adjudicating the amount of restitution defense counsel stated that "just for the record again, I'd ask the court to note an exception *312 to the imposition of restitution at this time."
Counsel was too late in raising an exception to the imposition of restitution. Counsel instead should have presented evidence as to his client's inability to pay when given the opportunity to do so. See e.g., Cheatham. Having failed to affirmatively assert his rights under section 775.089(7), the defendant has waived the issue of ability to pay. Butts.
The defendant cites Burch v. State, 617 So.2d 846 (Fla. 4th DCA 1993) as supporting reversal of the restitution order. In Burch, however, the defendant was given neither notice of nor a hearing on the restitution issue and the Fourth District held this to be reversible error. The defendant here was afforded both notice of and a hearing on the matter of restitution. Cheatham. Further, this is not a situation where the trial court refused to allow the defendant to testify at the restitution hearing as to his ability to pay restitution. See Pope v. State, 575 So.2d 307 (Fla. 2d DCA 1991).
Bolling next challenges the sentence imposed. We agree that the true split sentence of 13 1/2 years imposed here exceeds the maximum imprisonment contemplated by the plea agreement. See Poore v. State, 531 So.2d 161 (Fla. 1988). It also exceeds the sentencing guidelines. Had this sentence been structured as a probationary split sentence, it would have been valid. Before the more severe sentence could be imposed, the trial court was required to afford the defendant the opportunity to withdraw his nolo contendere pleas in Circuit Court Case Numbers 92-1196 and 92-1066 or agree to maintain the pleas with knowledge that he would receive the more severe sentence. See Evans v. State, 567 So.2d 553 (Fla. 5th DCA 1990). See also Rodriguez v. State, 610 So.2d 476 (Fla. 2d DCA 1992). It is clear from the prosecution of this appeal that the defendant does not agree with the more severe sentence. Thus, the cause is remanded with instructions that the trial court: (1) impose a sentence in accordance with the plea agreement, or (2) extend to the defendant the opportunity to withdraw his pleas, with the concomitant reinstitution of the original charges against him. See Evans.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
DAUKSCH and GRIFFIN, JJ., concur.