637 So.2d 21 (1994)
John E. SIMS, Appellant,
v.
STATE of Florida Appellee.
No. 93-1378.
District Court of Appeal of Florida, Fourth District.
May 11, 1994.
Rehearing Denied June 8, 1994.
*22 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
PARIENTE, Judge.
Defendant pled guilty to ten separate felony charges following a plea hearing where he acknowledged that this was an "open plea" without any negotiated sentence. He appeals his conviction and sentence on several grounds, none of which we find meritorious. We affirm.
Defendant challenges the adequacy of the factual basis for one of the ten felonies; specifically, burglary of a structure and, in the course of committing the burglary, an assault upon Melton Hunt for which the trial court imposed life as a habitual violent felony offender with a mandatory minimum sentence of fifteen years. Defendant, through his attorney, stipulated to the factual basis for the plea. In addition, the trial court received the probable cause affidavit and heard the testimony of the victim concerning the assault. At the plea hearing, defendant admitted the burglary and that he scuffled with the victim. The trial court conducted a thorough inquiry into any potential defense. The record, therefore, amply demonstrates sufficient evidence on each element of the charge. Williams v. State, 534 So.2d 929 (Fla. 4th DCA 1988); Gust v. State, 558 So.2d 450 (Fla. 1st DCA 1990).
Defendant next argues that his sentence and conviction should be vacated because the trial court incorrectly informed the defendant of his possible mandatory sentence. The state concedes the trial court advised the defendant that he could receive a ten year mandatory minimum sentence, rather than a fifteen year mandatory minimum sentence. Defendant failed to move to withdraw his plea on the basis of lack of voluntariness which would have been the proper procedure. Hatcher v. State, 591 So.2d 1134 (Fla. 4th DCA), rev. denied, 599 So.2d 1278 (Fla. 1992); Mickens v. State, 562 So.2d 856 (Fla. 1st DCA 1990); Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979). Instead, the defendant challenged directly the voluntariness of the plea.
Despite the alleged error in misinforming defendant regarding his possible sentence, the record reveals that the trial court discussed extensively the consequences of the defendant's guilty plea. The trial court explained that if the defendant pled "straight up," it could reject the defense's recommendation that he be placed in the county jail "drug farm." The defendant was further told the trial court had "one hundred percent control within the law" of the sentence. The *23 trial court informed the defendant that he could be sentenced to life or up to 250 years in prison as a violent habitual offender and that the court did not have to follow the sentencing guidelines. Based on the record before us, we find no showing of prejudice due to the trial court's failure to advise the defendant of an extra five year mandatory minimum sentence. Hatcher; Panno v. State, 517 So.2d 129 (Fla. 4th DCA 1987), rev. denied, 525 So.2d 880 (Fla. 1988).
The last challenge is a three-part attack on the restitution imposed. Defendant claims: it was not part of the plea agreement; he lacked the ability to pay; and the amount ordered was speculative.
We reject defendant's first claim that restitution was not part of the plea agreement. Defendant entered a straight plea with no agreement on the sentence he would receive. See Simmons v. State, 611 So.2d 1250 (Fla. 2d DCA 1992).
We also reject defendant's second claim that restitution was improperly ordered because he lacked the financial ability to pay. While noting defendant did not possess the present financial ability to pay, the trial court ordered restitution. Having had the opportunity, Defendant presented no evidence about his financial circumstances which was his burden. § 775.089(7) Fla. Stat. (1993); Bolling v. State, 631 So.2d 310 (Fla. 5th DCA 1994); Padilla v. State, 622 So.2d 160 (Fla. 4th DCA 1993); Driggers v. State, 622 So.2d 1374 (Fla. 5th DCA 1993); Cheatham v. State, 593 So.2d 270 (Fla. 4th DCA 1992); Butts v. State, 575 So.2d 1379 (Fla. 5th DCA 1991); Goble v. State, 568 So.2d 91 (Fla. 1st DCA 1990). Because defendant did not object to the imposition of restitution or present evidence on his inability to pay, any error was waived. Massie v. State, 635 So.2d 110 (Fla. 2d DCA 1994); Bolling; Padilla; Blasco v. State, 601 So.2d 1264 (Fla. 3d DCA 1992).
Additionally, restitution was not ordered as a condition of probation, but pursuant to section 775.089(3)(b)(2), Florida Statutes (1993) which requires payment "five years after the term of imprisonment imposed if the court does not order probation." Because probation was not ordered, we are not faced with the potential of defendant's reincarceration for failure to pay the restitution ordered. Compare Williams v. State, 578 So.2d 846 (Fla. 4th DCA 1991); Peters v. State, 555 So.2d 450 (Fla. 4th DCA 1990). Should the defendant fail to make restitution within the time allotted, the trial court may continue the restitution order and the state or the victim may enforce the order in the same manner as a judgment is enforced in a civil action and as provided in sections 55.03 and 55.10, Florida Statutes (1993). See §§ 775.089(3) and 775.089(5), Fla. Stat. (1993). The 1993 amendments to the restitution statute make it clear that orders of restitution, while not termed "civil judgments," are enforceable in the same method. Compare Parker v. State, 539 So.2d 1168 (Fla. 1st DCA 1989).
We likewise reject defendant's final claim that the $5,000 restitution award to victim Helen Rand was speculative and unsupported by the evidence. Victim Rand testified that when defendant pulled on her purse strap, she fell, broke her glasses, cracked her teeth and punctured a lung. She further testified that her future tangible medical expenses resulting from these injuries would reach $5,000. Although present during this testimony, defendant never challenged this estimate. Certainly the evidence supports a causal connection between the crime and the damages. As such, we find the award supported by the evidence.
Accordingly the judgments and sentences are affirmed.
AFFIRMED.
WARNER and POLEN, JJ., concur.