638 So.2d 140 (1994)
James FREBER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3607.
District Court of Appeal of Florida, Fourth District.
June 8, 1994.
Rehearing and Rehearing Denied July 7, 1994.
*141 Fay Ryan, Jack A. Weiss and R. Scott Laing of the Law Offices of R. Scott Laing, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied July 7, 1994.
STONE, Judge.
We affirm an order denying Appellant's motion for relief under rule 3.850, Florida Rules of Criminal Procedure, to vacate his sentence and to withdraw his guilty plea. There is record support for the trial court's conclusion that Appellant was advised of, and understood the terms of the plea agreement and the rights relinquished by his plea.
Appellant contends that the court's inquiry was cursory and that he was not advised of the minimum sentence he might have received had the court elected not to sentence him as a habitual offender. Although he was told what percentage of his sentence he would have to serve, this percentage was not converted into "real" years for him. Appellant also contends that more extensive questioning by the trial court would have uncovered the possibility of an intoxication defense.
The state correctly notes that even if the plea inquiry was minimal, Appellant has failed to demonstrate prejudice or manifest injustice. Panno v. State, 517 So.2d 129 (Fla. 4th DCA 1987), rev. denied, 525 So.2d 880 (Fla. 1988).
With respect to the plea being voluntarily and intelligently entered, the record reflects that there was sufficient evidence presented at the evidentiary hearing on Appellant's motion to vacate to determine Appellant's understanding, intelligence, and comprehension. See Ream v. State, 449 So.2d 960 (Fla. 4th DCA 1984).
The one demonstrated error is the court's failure to elicit a factual basis for the plea. See Mack v. State, 616 So.2d 109 (Fla. 4th DCA 1993); Rule 3.172(a), Fla.R.Crim.P. See also Koenig v. State, 597 So.2d 256 (Fla. 1992); Williams v. State, 316 So.2d 267 (Fla. 1975). The only factual basis appearing in the record is counsel's stipulation that a conviction could have resulted if a jury believed the facts set forth in the probable cause affidavit. This is an insufficient record for a factual basis, notwithstanding that an officer's affidavit was submitted to the court. Koenig.
We recognize that the record also reflects the court's failure to advise Appellant of potential deportation consequences. However, this is patently harmless as the record also demonstrates his U.S. citizenship.
In all, although the plea colloquy fell short of the requirements set out in rule 3.172, the judgment and sentence should not be invalidated on collateral review, as Appellant has not proved prejudice or manifest injustice. Williams v. State, 534 So.2d 929 (Fla. 4th DCA 1988); Panno.
Therefore, the judgment and sentence are affirmed.
DELL, C.J., and HERSEY, J., concur.