HARRIS, Chief Judge.
Daniel Pentz was charged with the offenses of attempted robbery with a firearm and attempted first degree (felony) murder. The felony murder charge was based on the allegation that during the attempted robbery, Pentz “did shoot Otis Odum with a sawed-off shotgun.” The attempted murder charge was reflected as a life felony in the information and in a subsequent negotiated plea.
Pentz, in the negotiated plea in which the State dropped the attempted armed robbery charge, pled no contest to attempted felony murder.[1] He was adjudicated guilty and sentenced to fifteen years’ imprisonment (with three-year minimum) to be followed by ten years’ probation. His scoresheet, in which the attempted murder was reflected as a “life” felony, indicated a recommended range of twelve to seventeen years and a permitted range of seven to twenty-two years’ incarceration.
Pentz appeals, claiming he was improperly sentenced under a scoresheet that lists attempted felony murder as a “life sentence.” His argument is that section 777.-04(4)(a) makes his offense a first degree felo *837 ny and its enhancement to a life felony because of the use of a firearm is not permitted because the use of a firearm is an essential element of the underlying qualifying felony— armed robbery.
Finding Gonzalez v. State, 585 So.2d 932 (Fla.1991), inapplicable, we reject this argument.[2] While it is true that the second count of the information charged an attempted armed robbery, the first count (the one to which Pentz pled) charges the underlying felony as merely a robbery. "While proving the use of a firearm would have been an essential element of the second count, that count was dismissed. Proof of the use of a firearm was not an essential element of the first count because a robbery can be committed without the use of a firearm.[3] Therefore, the trial court was correct in reclassifying the offense to a life felony.
AFFIRMED.
COBB and W. SHARP, JJ., concur.

. We are bound by Amlotte v. State, 456 So.2d 448 (Fla.1984), to recognize that there is such a crime as "attempted felony murder." It may be significant, however, that the legislature in section 921.0012 (the offense severity ranking chart) recognizes "attempted premeditated murder" [782.04(1)1 and "accomplice to murder in connection with ... robbery ...” [782.04(3) ] but is silent as to attempted felony murder [782.04(2) ]. It appears that the legislature does not recognize this as a crime. In any event, Pentz has not suggested that there is no such crime.

. We also reject Pentz’s argument that the court erred in assessing restitution as a condition of his probation without first determining his ability to pay. At sentencing, Pentz did not offer any evidence of his inability to pay although he had ample opportunity to do so. See Butts v. State, 575 So.2d 1379 (Fla. 5th DCA 1991).

. From the facts of this case, it does not appear that the shooting was done with the "force, violence or assault” required to prove the underlying robbery charge. See Grinage v. State, 641 So.2d 1362 (Fla. 5th DCA 1994). Rather, it appears that the shooting accidentally occurred during the escape attempt after the victim was ordered out of the car and while the defendant was trying to put the car in gear. This scenario is very similar to Fleming v. State, 374 So.2d 954 (FIa.1979), in which the supreme court upheld a plea to attempted felony murder when the underlying felony was an attempted armed robbery. The shooting alleged in the information in this case was not an essential element of the robbery but the "overt, ineffectual act towards its commission.” Fleming, 374 So.2d at 955.