PARIENTE, Judge.
This is an appeal from a restitution order of $1,010,336. Defendant argues that the trial court improperly determined the amount of loss and failed to consider his ability to pay.
Defendant is a self-employed accountant. The crimes for which he was charged arose out of a business relationship in which he served as the victims’ financial adviser. Due to the position of trust which defendant occupied, he had access to the victims’ bank accounts and other holdings. The amount of the losses is adequately supported by the record before the trial court, which also included a detañed transcript of evidentiary hearings in the United States Bankruptcy Court.
In this case, the sentence included jail time, but not probation. Defendant remains able to practice his profession as an accountant. His education includes a masters’ degree in business from University of Miami *760 and a law degree from Georgetown University. At the restitution hearing, defendant testified that he earned between $65,000 and $75,000 in 1992 and had already earned $55,-000 by June of 1993. Although defendant’s business may have indeed suffered as a result of his criminal activities, he retained a healthy earning capacity as well as substantial yearly earnings. Therefore the trial court properly considered evidence of defendant’s present and future ability to pay in ordering restitution.
In addition, we note that the restitution award was not ordered as a condition of probation. This further supports our finding no error in the amount of restitution awarded. See Sims v. State, 637 So.2d 21, 23 (Fla. 4th DCA 1994).
GLICKSTEIN and WARNER, JJ„ concur.
ORDER ON REHEARING
ORDERED that appellant’s petition filed December 9, 1994, for rehearing is hereby denied without prejudice to defendant seeking relief in the trial court concerning the matter of the bankruptcy order issued after the date of this court’s opinion; further,
ORDERED that appellant’s motion filed December 9, 1994, to supplement record is hereby denied.