SCHWARTZ, Chief Judge
(specially concurring in part).
While I concur in the determination to afford the appellant an evidentiary hearing on his 3.850 claim, I would emphasize that, to establish his right to relief because the trial court did not inform him of the maximum possible penalty before accepting his original plea, see Fla.R.Crim.P. 3.172(c)(1), he will be required to demonstrate that he was prejudiced by that mistake, Fla.R.Crim.P. 3.172(i); that is, both that he did not otherwise know of the potential penalty and, as he swore under oath, that “he would not have entered into the plea” — to an extremely lenient sentence of community control and probation — if he had known. See Mickens v. State, 562 So.2d 856 (Fla. 1st DCA 1990); Baker v. State, 344 So.2d 597 (Fla. 1st DCA 1977).
NESBITT, J., concurs.