657 So.2d 51 (1995)
Javaro K. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-00439.
District Court of Appeal of Florida, Second District.
June 30, 1995.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Helene S. Parnes, Asst. Atty. Gen., Tampa, for appellee.
QUINCE, Judge.
Javaro K. Thomas appeals the denial of his motion to withdraw plea. We affirm the denial of the motion, but remand for resentencing pursuant to section 39.059(7), Florida Statutes (1991).
On August 21, 1992, Thomas was charged by information with robbery, armed burglary, attempted first-degree murder, grand theft, and carrying a concealed weapon. On November 3, 1992, he was charged with sale and possession of cocaine. On October 28, 1993, Thomas entered a written plea of nolo contendere in exchange for a sentence of forty years prison, with the understanding that the concealed firearm charge would be dropped. Thomas acknowledged that he understood the plea form, that the sentence would include a three-year minimum mandatory term, that he had discussed the case with his attorney, and that he was satisfied with his attorney's representation.
On December 21, 1993, Thomas filed a motion to withdraw plea. In his motion, Thomas argued that at the time he entered the plea, he was confused and did not understand the significance of the plea. At the hearing on the motion, Thomas testified that at the time of the plea he was "going through a lot of stress," and now "just [thought he] made the wrong decision."
To prevail on his motion to withdraw plea, Thomas must demonstrate prejudice or manifest injustice. Williams v. State, 316 So.2d 267 (Fla. 1975); Freber v. State, 638 So.2d 140, 141 (Fla. 4th DCA 1994). He has not met that burden here. The record supports the trial court's conclusion that the plea was voluntarily and intelligently entered. Cf. Freber, 638 So.2d at 141.
In sentencing Thomas as an adult, however, the trial court failed to comply with the requirements of section 39.059(7). The state argues sentencing as an adult was appropriate under section 39.022(5)(d), Florida *52 Statutes (1991)[1] because Thomas had been sentenced as an adult on some traffic offenses in October 1992. The offenses which are the subject of this appeal occurred in February and August 1992. The plea to the traffic offenses occurred in October 1992. The present offense, therefore, occurred prior to appellant being "found to have committed" the other offenses. Thus, the present offenses are not subsequent violations of Florida law under section 39.022(5)(d). Kazakoff v. State, 642 So.2d 596 (Fla. 2d DCA 1994). On remand, the court may again sentence Thomas as an adult, provided that section 39.059(7) is strictly complied with, taking into consideration the conditions existing at the time of the original sentencing. Tharp v. State, 648 So.2d 229 (Fla. 2d DCA 1994).
Accordingly, we affirm the denial of the motion to withdraw plea, and remand for resentencing.
SCHOONOVER, A.C.J., and PATTERSON, J., concur.
NOTES
[1] Section 39.022(5)(d) provides: Once a child has been transferred for criminal prosecution pursuant to a voluntary or an involuntary waiver hearing or information and has been found to have committed the offense for which he is transferred or a lesser included offense, the child shall thereafter be handled in every respect as of he were an adult for any subsequent violation of Florida law, unless the court, pursuant to this paragraph, imposes juvenile sanctions under s. 39.059(6).