PER CURIAM.
Appellant was charged with battery with a deadly weapon, pled to reduced charges, and appeals an order of restitution. We reverse that portion of the restitution order requiring appellant to pay medical expenses, because the only evidence of medical expenses was the testimony of the victim that she had incurred expenses and would incur expenses in the future. She did not submit copies of any of her bills. If her testimony had been accompanied by her bills, the proof would have been sufficient as proof of past expenses. A.J. v. State, 677 So.2d 935 (Fla. 4th DCA 1996).
Because the trial court erroneously concluded that there had been sufficient proof, we remand for another restitution hearing in order that the victim will have the opportunity to prove her past expenses under A J. We caution the parties, however, that A.J. only extends to medical expenses already incurred, and that additional proof will be necessary if the victim is to be awarded future medical expenses. Sims v. State, 637 So.2d 21 (Fla. 4th DCA 1994) on which the state relies for proof of future medical is distinguishable because, unlike the present ease, there was no objection to the testimony in Sims. Reversed and remanded for further proceedings.
KLEIN and GROSS, JJ., and BROWNELL, SCOTT M., Associate Judge, concur.