STONE, J.
We affirm an order denying Padgett’s motion to withdraw his plea. Padgett claimed that he was coerced into entering the plea. The trial court conducted an evidentiary hearing at which conflicting testimony was presented.
The record reflects no abuse of discretion in the court’s rejecting Padgett’s version of the events and concluding that there was no coercion. See Stephens v. State, 748 So.2d 1028 (Fla.1999); Schmidt v. State, 764 So.2d 618 (Fla. 4th DCA 2000).
Padgett further asserts that the trial court erred when it failed to inform him of the maximum penalty for the offenses to which he pled guilty.
Clearly, the trial court is required to determine on the record that the defendant entering a plea is aware of the maximum possible penalty provided by law. Fla. R.Crim. P. 3.172(c)(1); Ashley v. State, 614 So.2d 486, 488 (Fla.1993). Violation of this rule, however, does not require reversal, unless non-compliance results in prejudice or manifest injustice. See Freber v. State, 638 So.2d 140 (Fla. 4th DCA 1994); State v. Fox, 659 So.2d 1324 (Fla. 3d DCA 1995); Baker v. State, 344 So.2d 597 (Fla. 1st DCA 1977).
Here, the record reflects that the trial court’s error was harmless. Pad-gett’s own testimony revealed that he knew that he was facing a possible life sentence unless he accepted the plea offer. Padgett also understood that he would receive only eighteen years in prison and ten years probation, the sentence imposed. Therefore, the order is affirmed.
GUNTHER and SHAHOOD, JJ„ concur.