DAMOORGIAN, J.
Jasmine Louise Boone appeals from a restitution order following the court’s acceptance of her plea of no contest to one count of leaving the scene of an accident with personal injuries, one count of resisting arrest without violence, and two misdemeanor counts of leaving the scene of an accident. Boone argues that the restitution evidence was insufficient to support the trial court’s valuation as to the personal property lost by the victims and the cost of medical care provided to one of the victims. As for the lost personal property, we conclude there was no error. However, we reverse the portion of the restitution order requiring Boone to pay one of the victim’s medical bills because the only evidence of the cost of medical treatment was the victim’s own testimony. Crowley v. State, 710 So.2d 750 (Fla. 4th DCA 1998).
It is axiomatic for purposes of determining the amount of restitution to a victim for medical expenses incurred or to be incurred that the victim’s testimony must be corroborated with billing records. Id. at 750 (where the only evidence of medical expenses is the testimony of the victim that he or she incurred expenses and would incur expenses in the future, and the victim does not submit copies of his or her bills, the evidence is insufficient proof to support an award of restitution; but if the victim submits copies of such bills, the testimony of the victim is sufficient); State v. Schuette, 782 So.2d 935, 937 at n. 3 (Fla. 4th DCA 2001) (noting that victim’s testimony regarding the amount of medical bills incurred without any documentation of the bills would be insufficient to support a restitution order), quashed on other grounds, 822 So.2d 1275 (Fla.2002); M.J.T. v. State, 927 So.2d 1077, 1078 (Fla. 2d DCA 2006) (holding that State did not submit sufficient evidence to establish amount of restitution to victim for medical bills incurred when it did not introduce any medical bills). In this case, the only evidence of the medical expenses was the victim’s own uncorroborated testimony. Thus, the State failed to meet its burden with respect to the cost of medical treatment and the trial court should not have awarded restitution for the cost of medical treatment to that victim.
Accordingly, we remand for another restitution hearing so that the victim ■will have the opportunity to prove his past medical expenses. Crowley, 710 So.2d at 750.

Affirmed in part, Reversed in part and Remanded.

STEVENSON and CONNER, JJ„ concur.